STATE of Iowa, Appellee,

v.

Clarence EVANS, Appellant.

No. 54104.

Supreme Court of Iowa.

Sept. 9, 1971.

James K. Rader, Nevada, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., Donald L. Smith, County Atty., and William E. Gibbons, Asst. County Atty., Ames, for appellee.

REES, Justice.

Defendant, charged by county attorney's information with the crime of shoplifting in violation of section 709.20, 1966 Code, entered a plea of guilty, was adjudged guilty and sentenced to be imprisoned in the penitentiary for an indeterminate term of not to exceed five years. He now appeals, asserting the trial court abused its discretion and thereby erred in failing to determine that a probationary suspension of the sentence of confinement in the penitentiary would have been appropriate, and on the ground that the sentence imposed was excessive under the circumstances of the case. Defendant further avers this court should reassess and modify the sentence to conform to the circumstances. We affirm the trial court.

Defendant was at all times represented by his court-appointed counsel. The abstract of the record reflects an extensive interrogation of the defendant by the court, and that the plea of guilty was voluntarily and understandingly entered. The record further discloses the court had the benefit of a pre-sentence investigation which indicated defendant had a long and rather impressive criminal record.

We do not interfere where the judgment and sentence imposed does not exceed the statutory maximum, except where there is shown to be an abuse of the trial court's discretion. Such an abuse of discretion is not apparent here. State v. Cooper (Iowa, 1968), 161 N.W.2d 728; State v. Delano (Iowa, 1968), 161 N.W.2d 66. The judgment of the trial court is therefore affirmed.

Affirmed.

All Justices concur.