**STATE of Iowa, Appellee,**

v.

**Jerry Richard PATTERSON, Appellant.**

**No. 54866.**

Supreme Court of Iowa.

Nov. 11, 1971.

E. K. Bekman, Ottumwa, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Samuel O.

Erhardt, County Atty., Ottumwa, for appellee.

PER CURIAM:

Defendant was charged by county attorney's information with the crime of conspiracy in violation of section 719.1, The Code 1966. He pleaded guilty and was sentenced to be imprisoned in the reformatory for an indeterminate term of not to exceed three years. Now appealing, he contends the trial court did not have before it at the time of the imposition of sentence and the entry of judgment evidence of defendant's cooperation with the State in the conduct of two trials of his co-conspirator; that by reason of the lapse of time between the date of the imposition of sentence and the present, this court is able better to view and consider the sentence of the appellant than was the trial court at the time of sentence; and that defendant's continued cooperation has established his desire for rehabilitation justifying a suspension of the sentence of imprisonment and the granting of a parole by this court. We find no merit in defendant's contentions and affirm the trial court.

The defendant was represented at all stages by court-appointed counsel and the court prior to pronouncing sentence had the benefit of the report of a pre-sentence investigation.

We have said we do not interfere when a judgment and sentence imposed does not exceed the statutory maximum, except where there is shown to be an abuse of discretion on the part of the trial court. We are unable to perceive such an abuse of discretion here. State v. Evans (Iowa), 189 N.W.2d 582, and cases therein cited.

The judgment of the trial court is therefore affirmed.

Affirmed.