STATE of Iowa, Appellee,

v.

George Nicholas BRAGG, Appellant.

No. 54942.

Supreme Court of Iowa.

Dec. 15, 1971.

A. Fred Berger, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Dennis F. Chalupa, County Atty., for appellee.

PER CURIAM:

Defendant was charged by county attorney's information with the crime of larceny in the daytime of property of value exceeding $20 in violation of section 709.5, Code, 1966. Following a plea of guilty defendant was sentenced to imprisonment in the penitentiary for an indeterminate term not to exceed five years. Defendant appeals contending the trial court abused its discretion by imposing overly severe punishment, refusing to grant probation, failing to consider testimony of witnesses called by defendant, and placing excessive emphasis on defendant's prior offenses.

At the time of sentence, the trial court had before it a presentence investigation report revealing past convictions and parole violations. The trial court also heard the testimony of four witnesses called by the defendant and personally questioned defendant who was represented by counsel at the hearing. We have said trial courts have broad discretion in granting or withholding bench paroles. State v. Cole, 168 N.W.2d 37, 40 (Iowa 1969). Where the sentence imposed does not exceed the statutory maximum, this court will not interfere unless an abuse of the trial court's discretion is shown. State v. Evans, 189 N.W.2d 582 (Iowa 1971), and cases cited therein. We find no abuse of discretion here.

The judgment of the trial court is therefore affirmed.

Affirmed.