**STATE of Iowa, Appellee,**

v.

**Charles Alfred BEER, Appellant.**

**No. 54774.**

Supreme Court of Iowa.

Jan. 14, 1972.

Phillip N. Norland, Northwood, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Clayton Wornson, County Atty., for appellee.

MOORE, Chief Justice.

Defendant, Charles Alfred Beer, appeals from conviction and sentence for assault with intent to commit rape in violation of Code section 698.4. We affirm.

Defendant's first two assigned errors assert the evidence was insufficient (1) to allow the jury to consider whether he intended to rape the prosecuting witness and (2) to support the conviction. We consider them together.

■ I. On defendant's appeal from criminal conviction based on jury verdict challenging sufficiency of evidence to sustain the verdict we view the evidence in the light most favorable to the State and accept as established all reasonable inferences tending to support action of the jury. It is necessary to consider only the supporting evidence whether contradicted or not. State v. Brown, Iowa, 172 N.W.2d 152, 153, and citations.

II. About 12:30 a. m. October 9, 1970 roommates Janice Cripps and Susan Anderson, each 22 years of age, while en route from Slayton, Minnesota, to their home in Marshalltown, Iowa, drove through Mason City on highway 65 (Federal Avenue). A "car" honked at them and continued to do so for several blocks. They observed it was a 1964 yellow Chevrolet Impala but were not acquainted with the occupants. Without further incident they continued to about five miles south of Mason City where they were forced to the side of the highway and stopped by the same yellow Chevrolet. At the same time another vehicle was stopped behind the Rambler driven by Miss Cripps. An attempt to get around the Chevrolet was unsuccessful. A man from the front and another from the rear vehicle then came to the side of the Rambler and began knocking on the doors. The men, strangers to the women, said they wanted to talk. The young ladies were terrified. They screamed and begged to be left alone. The two men persisted and after reaching over a door glass, which was down a few inch-

es, defendant unlocked a door and they forced their way into the Rambler. Both women testified defendant entered the left front door and sat beside Miss Cripps. Defendant's step-brother, Francis Werstein, got in the back seat. Defendant kissed and bit Miss Cripps' face and neck. He felt her breasts and ripped open the front of her slacks, underpants and panty hose. Werstein from the back seat attacked Mrs. Anderson by kissing and forcing his attention on her. She was able to break Werstein's hold and jumped out the right front car door. She ran out upon the highway and attempted to stop a car approaching from the south. The driver of that car did not stop but immediately reported the incident upon arrival in Mason City. At all times Miss Cripps cried, begged to be left alone and resisted to her utmost.

Apparently the approach of the car and Mrs. Anderson's attempt to get help resulted in the two men leaving the scene. They took with them the women's purses which, less the contents, were found the next day about two miles from the scene.

On trial both women made positive identification of defendant as Miss Cripps' assailant and of Francis Werstein as Mrs. Anderson's assailant.

Defendant, Francis, his brother Jerry and James R. Sunde, a relative of the other men, testified for the defense. Each admitted the events prior to the assaults. The yellow Chevrolet was owned by defendant. Defendant testified he remained in his car at the scene. Francis and Jerry testified they entered the Rambler and it was Francis, a juvenile, who assaulted Miss Cripps. They did not dispute what had happened in the Rambler but said "they only wanted to talk". All four men admitted taking the contents from the purses and throwing them out along the highway.

■ III.  Intent is seldom susceptible to direct proof. It may be inferred from the circumstances. State v. Hyde, Iowa, 158 N.W.2d 134, 138, and citations.

■ The circumstances shown by the record here are clearly sufficient to establish a jury question as to each of the essential elements of the crime charged including that the assault of Miss Cripps was made by defendant with the intent to rape her. Defendant's first two assigned errors are without merit.

■ IV.  Defendant's third assigned error is a claim the trial court's instructions were insufficient. Trial counsel, not defendant's present counsel, was furnished the instructions before they were read to the jury and stated defendant had no objections or exceptions. No requested instructions were submitted. No motion for new trial was filed. Thus appeal counsel seeks to have us consider issues regarding instructions not raised in the trial court. This we decline to do. State v. Carstens, Iowa, 182 N.W.2d 119, 120, 121; State v. Gilmore, Iowa, 181 N.W.2d 145, 146, 147; State v. Brown, Iowa, 172 N.W.2d 152, 159.

■ We have consistently held that ordinarily matters not raised in the trial court, including constitutional questions, cannot be effectively asserted the first time on appeal. State v. Conrad, Iowa, 191 N.W.2d 648, 649, filed November 11, 1971; State v. Franklin, Iowa, 163 N.W.2d 437, 441, and citations.

V.  Lastly defendant argues the trial judge abused his discretion in imposing a sentence of 15 years in the state penitentiary. The maximum penalty under Code section 698.4 is 20 years.

The trial court had the benefit of a presentence investigation report. Defendant did not contest its contents. It disclosed defendant had been committed to the boys' training school at Eldora and later to the men's reformatory at Anamosa upon conviction of breaking and entering. He testified at length at the presentence hearing.

He displayed a very bad attitude at that hearing.

We do not interfere where the sentence imposed does not exceed the maximum penalty, except where there is shown to be an abuse of the trial judge's discretion. None is apparent here. State v. Evans, Iowa, 189 N.W.2d 582, and citations.

We conclude under the record, including the trial transcript, defendant was afforded a fair trial.

Affirmed.

All Justices concur except HARRIS, J., who takes no part.