STATE of Iowa, Appellee,

v.

Freddie Lee HUGHES, Appellant.

No. 54561.

Supreme Court of Iowa.

Feb. 25, 1972.

Joseph A. Billings, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

PER CURIAM:

Defendant appeals from his conviction and sentence for robbery with aggravation in violation of Code sections 711.1 and 711.2. We affirm.

Defendant's only assigned error is the evidence does not sustain the guilty verdict and his motion for directed verdict should have been sustained. On such a contention we view the evidence in the light most favorable to the State and accept as established all reasonable inferences tending to support the action of the jury. It is necessary to consider only the supporting evidence whether contradicted or not. State v. Beer, Iowa, 193 N.W.2d 530, filed January 14, 1972; State v. Brown, Iowa, 172 N.W.2d 152, 153, and citations.

On July 9, 1970 three men entered a Super Valu Store in east Des Moines. They were wearing nylon stockings over their heads. One remained near the door. The other two, defendant Freddie Lee Hughes and Dennis Lamar, each with a gun, compelled manager Bill Rapaport and two cashiers to put a large amount of store money into paper sacks. As the two gunmen attempted to leave through the back door they discovered police officers in the store and escape impossible. They ran up and down store aisles before being arrested. After being given the Miranda warnings defendant Hughes showed the officers where he had left his mask, gun and a sack of the money. He stated he expected his share of the robbery would be at least $3000. Later he told the booking officer at the police station he had taken part in the robbery. Based on a "tip" the officers had a "stakeout" awaiting the robbery to take place. On trial defendant testified he was in the store to buy a can of motor oil and had not taken part in the robbery. On cross-examination defendant stated it never entered his mind to tell the police officers he was not involved in the robbery.

The evidence was clearly sufficient to establish a jury question as to each of the essential elements of the crime of robbery with aggravation. The jury verdict of guilty is supported by substantial evidence. We find no reversible error.

Affirmed.