**STATE of Iowa, Appellee,**

v.

**Robert Hamilton CARNCROSS, Appellant.**

**No. 55630.**

Supreme Court of Iowa.

March 28, 1973.

Thomas Rowe, Fairfield, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Edwin F. Kelly, County Atty., Fairfield, for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

PER CURIAM.

The sole question presented by this appeal is whether the trial court abused its discretion in sentencing defendant, Robert Hamilton Carncross, to a term not to exceed five years in the state penitentiary for the crime of larceny of property having a value in excess of $20. That sentence was the maximum under the applicable statute, Code section 709.2. Defendant could have been given a jail sentence, a fine, or both.

The sentence imposed followed defendant's guilty plea, study of the presentence investigation report and defendant's presentence testimony. He admitted stealing a drinking acquaintance's suitcase containing valuable personal property, including traveler's checks totaling about $100. He cashed those checks the day after the larceny. Defendant also related his lengthy conviction record, including forgery or bad check convictions in three other states.

Defendant contends abuse of discretion by the trial court because the sentence was in excess of that suggested by the parole and probation officer and excessive beyond that warranted by the facts and circumstances.

It is our duty to carefully consider whether the punishment is too severe. Code section 793.18. We have, however, consist-

ently held that where the judgment does not exceed the statutory maximum, we will interfere only where an abuse of the trial court's discretion is shown. State v. Davis, Iowa, 195 N.W.2d 677, 678; State v. Beer, Iowa, 193 N.W.2d 530, 533; State v. Evans, Iowa, 189 N.W.2d 582; State v. Helter, Iowa, 179 N.W.2d 371, 373.

■ Whether to fine or sentence defendant to jail rather than committing him to the penitentiary was addressed to the sound discretion of the trial court as was the question of a bench parole. State v. Bragg, Iowa, 192 N.W.2d 810; State v. Cole, Iowa, 168 N.W.2d 37, 40; State v. Patterson, Iowa, 161 N.W.2d 736, 737; State v. Cupples, 260 Iowa 1192, 1196, 1197, 152 N.W.2d 277, 280.

■ Our examination of the record discloses the trial court carefully considered the question of proper sentence of defendant. No abuse of discretion is found.

We find no justification for modifying or reducing the penalty imposed.

Affirmed.