**STATE of Iowa, Appellee,**

v.

**Jerry Gerald DeVAN, Appellant.**

**No. 55797.**

Supreme Court of Iowa.

March 28, 1973.

Nicholas M. Norden and Gordon E. Allen, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Raymond Sullins, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

PER CURIAM:

Defendant, Jerry Gerald DeVan, was charged, tried, convicted and sentenced to a term not to exceed ten years in the men's penitentiary for breaking and entering in violation of Code section 708.8. He appeals contending the trial court abused its discretion by imposing overly severe punishment and refusing to grant probation.

 In considering a like contention in State v. Carncross, Iowa, 215 N.W.2d 698, filed simultaneously herewith, supported by citation of our recent holdings, the following legal principles are recognized. It is our duty to carefully consider whether the punishment is too severe. Where the judgment does not exceed the statutory maximum, it is only where an abuse of the trial court's discretion is shown that we will interfere. The determination of whether to sentence a defendant to jail and assess a fine rather than to the penitentiary, as permitted under section 708.8, is addressed to the sound discretion of the trial court as is the question of any probation.

Defendant, age 31, was arrested by two Des Moines patrol car police officers about 2:00 a.m., April 17, 1971 at the rear of Weyers Beauty Equipment Company in the 200 block of Third Street in Des Moines. The officers observed defendant had his arm in the window of the loading dock door. The glass had been broken out. Defendant testified he was just walking through the alley.

The presentence report showed defendant's lengthy arrest record dating back to 1957, totaling at least five convictions and two parole revocations. He had been convicted of forgery in 1970 and was on parole at the time of his arrest in this case.

We find no abuse of the trial court's discretion or any justification for modifying or reducing the penalty imposed.

Affirmed.