**504**

STATE of Iowa, Appellee,

v.

Lowell MARTIN, Appellant.

No. 55602.

Supreme Court of Iowa.

Nov. 14, 1973.

———◆———

Fairall & Fairall, and Carl D. Baker, Marshalltown, for appellant.

Richard C. Turner, Atty. Gen., Theodore R. Boecker, Asst. Atty. Gen., and Lewis C. McMeen, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

REES, Justice.

Defendant Lowell Martin was charged by indictment with the crime of resisting an officer in violation of section 742.1, The Code, 1971. He was tried to a jury, convicted and sentenced to serve one year in the county jail with six months of the sentence suspended during defendant's good behavior. He now appeals. We affirm.

At about nine o'clock, p. m. on November 13, 1971, Robert DeMeulenaere and Francis DeMeulenaere, both attired in Legion uniforms and wearing badges identifying them as police officers, were working as policemen at a teenage dance in Victor. They overheard Ronald Martin, a brother of defendant, using profane and obscene language, and observed him challenging another young man. The two special policemen requested Ronald Martin to leave, which he did. However, he returned shortly and again proceeded to use abusive and obscene language. The officers then informed Ronald Martin that he would have to accompany them to the town hall.

When they arrived at the town hall, the two officers requested that Ronald Martin furnish identification, and Officer Robert DeMeulenaere went behind a desk to secure a summons book. At this time defendant, accompanied by three other young men, entered the office and asked the policemen if Ronald Martin was going to be given a summons. Upon being informed by Officer Francis DeMeulenaere that a summons would be issued to Ronald Martin, one of the boys said, "Let's get him out of here." Ronald Martin started for the door, but was restrained by Officer Francis DeMeulenaere. Defendant then attacked Officer Francis DeMeulenaere while attempting to assist his brother in escaping, and struck Officer Francis DeMeulenaere, inflicting injuries which even-

tually necessitated medical care. The boys dragged the officer outside the town hall and then left the scene.

Defendant advances here two propositions upon which he relies for reversal:

(1) That the arrest of Ronald Martin, the brother of defendant, was an illegal arrest, which therefore made the subsequent arrest of the defendant illegal and of no force or effect.

(2) That the sentence imposed by the court was excessive and an abuse of the trial court's discretion.

■ I. It is the contention of the defendant that the arrest of his brother, Ronald Martin, was illegal, and that consequently his own arrest was an illegal arrest. In short, he is contending the claimed illegality of the first arrest impairs the validity of his own subsequent arrest for a violation of section 742.1, The Code, 1971.

We have checked the record and the transcript of testimony and are unable to find any point in the trial where defendant claimed the arrest of his brother was illegal, or that it was a defense to the charge brought against him. Defendant's counsel interrogated the officers concerning the arrest of defendant's brother, but the defendant's contentions raised in this court were not presented to the trial court.

"We have consistently held that ordinarily matters not raised in the trial court, including constitutional questions, cannot be effectively asserted the first time on appeal." State v. Bruno, 204 N.W.2d 879, 884 (Iowa 1973); State v. Beer, 193 N.W.2d 530, 532 (Iowa 1972); State v. Conrad, 191 N.W.2d 648, 649 (Iowa 1971); State v. Franklin, 163 N.W.2d 437, 441 (Iowa 1968).

Obviously, appeal counsel would have us consider issues not raised in the trial court. We decline to do so.

■ II. Defendant contends the sentence imposed by the trial judge was excessive and an abuse of the trial court's discretion.

The maximum penalty under section 742.1, The Code, 1971, is imprisonment in the county jail not exceeding one year, or a fine not exceeding $1000 nor less than $50, or both such fine and imprisonment at the discretion of the court.

Trial court had before it an extensive pre-sentence investigation report. A copy of the report is in the clerk's transcript now before us.

We are not disposed to interfere where a sentence imposed does not exceed the maximum penalty, except where there is shown to be an abuse of the trial judge's discretion. State v. Evans, 189 N.W.2d 582 (Iowa 1971), and citations; State v. Beer, supra, 193 N.W.2d at 533.

No abuse of discretion on the part of the trial court is apparent to us in this case.

We find no reversible error, and affirm.

Affirmed.