**STATE of Iowa, Appellee,**

v.

**Wayne Clark VOSHELL, Appellant.**

**No. 56594.**

Supreme Court of Iowa.

March 27, 1974.

Donald H. Gloe, Decorah, for appellant.

Richard C. Turner, Atty. Gen., Dennis E. Jontz, Asst. Atty. Gen., and Walter L. Saur, Fayette County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REES and UHLEN-HOPP, JJ.

LeGRAND, Justice.

Defendant entered a plea of guilty to an information charging him with the crime of burglary with aggravation in violation of section 708.2, The Code, 1973. No issue is raised here concerning the voluntariness of that plea. Defendant assails only the severity of the punishment meted out to him. That is the sole matter before us for review. We affirm the judgment.

Defendant insists the trial court acted solely on the recommendation of the county attorney in fixing the penalty without exercising its own independent judgment and discretion. The record refutes this argument.

■ Section 708.2 permits the court to sentence one who has been convicted of aggravated burglary to imprisonment "in the penitentiary for life or any term of years." Of course, the sentencing judge is required to make his own judicial determination of what the punishment should be. State v. Jackson, 204 N.W.2d 915, 916 (Iowa 1973). Equally well settled is the principle that we will not interfere with a judgment imposing sentence as long as it does not

exceed the statutory maximum unless an abuse of the trial court's discretion is shown. State v. Stakenburg, 215 N.W.2d 265 (Iowa); State v. Evans, 189 N.W.2d 582 (Iowa 1971).

■ We have reviewed the record before us, including the transcript of the sentencing proceedings. We find no merit in defendant's claim. The trial court carefully considered the matters presented and concluded defendant should serve five years, which is the period of incarceration recommended by the county attorney. This does not mean the trial court abdicated its judicial obligation in fixing the penalty. In fact the record clearly shows the contrary.

■ Neither can we accept defendant's argument that the negotiations which preceded the plea and sentence amounted to illegal plea bargaining, rendering the proceedings void. State v. Lindsey, 171 N.W. 2d 859, 864 (Iowa 1969); State v. Whitehead, 163 N.W.2d 899, 902 (Iowa 1969). See exhaustive discussion of this subject in 8 Moore's Federal Practice (Second Edition, 1973 Revision) section 11.05.

Affirmed.