**STATE of Iowa, Appellee,**

**v.**

**Eugene W. WATERMAN, Appellant.**

**No. 56117.**

Supreme Court of Iowa.

April 24, 1974.

Thomas F. Breuch, Maquoketa, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Jr., A'sst. Atty. Gen., Thomas F. Peckosh, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REYNOLDSON, and HARRIS, JJ.

MASON, Justice.

Eugene W. Waterman was charged September 25, 1972, by county attorney's information with false uttering of a check contrary to section 713.3, The Code. In the information it was alleged defendant unlawfully and with intent to defraud aided and abetted his wife in making, uttering and delivering a check for $45.00 to a clothing store in Maquoketa. The check was drawn on the Jackson State Bank and Trust Company of Maquoketa in which neither defendant nor his wife had an account.

After initially pleading not guilty defendant later withdrew that plea and tendered a plea of guilty to the offense charged. The court accepted the plea, requested a presentence investigation and set sentencing for a future date. Bond of $1500 was continued and defendant remained incarcerated.

On November 20 defendant appeared before the court for sentencing accompanied by his court-appointed counsel. The court addressed defendant and asked if he had anything to say and if he knew of any reason why judgment and sentence should not be pronounced at this time. To both inquiries defendant replied in the negative. The county attorney then stated that he knew some of defendant's past history and had reviewed the presentence report. In view of defendant's past record the prosecutor recommended the maximum sentence. Defendant's attorney then made a statement on behalf of defendant. He requested leniency and noted that the merchandise purchased with the check had been returned. He also mentioned defendant's incarceration for the past 60 days and the fact that a job was available for defendant if he were to receive probation. An earlier probationary period, successfully completed, and prior cooperation with law enforcement officials on other matters were also noted. Reference was made to the presentence report but neither defendant nor his counsel made any request to examine it or present contrary evidence.

The court then stated: " * * * I have gone over the presentence report quite carefully, Mr. Waterman. As you are no doubt aware, probably as well as anyone else, it is not favorable. This is a long ways from a first offense proposition and I feel that I have no alternative here but to follow the recommendation of the investigating officer and of the County Attorney. The facility at Fort Madison, if you will cooperate with them, is a rehabilitation center as well as a place of confinement. I am going to ask the County Attorney to recommend, as Mr. Breuch suggests, that you receive any therapy there that is indicated in your case."

The court then sentenced defendant to imprisonment at Fort Madison for an indeterminate term not to exceed seven years, the maximum sentence allowed by section 713.3.

Defendant presents two assignments relied on for reversal: (1) trial court erred by excessive reliance on the presentence report and wrongfully based an excessive sentence on the report; and (2) the sentence imposed was excessive considering the offense and the facts and circumstances.

I. Defendant first contends the trial court erred and abused its discretion

by excessive reliance on the information contained in the presentence report when passing sentence on defendant.

In written argument defendant does not question the obligation and right of the county attorney to make his recommendation to the trial court concerning the sentencing of defendant. Neither does he contest the trial court's use of a presentence investigation report or any other source of information which would be beneficial to the trial court to assist in the determination of a fair and equitable sentence. At the outset defendant concedes "it is the duty of the trial court to ascertain any and all facts from whatever sources available that would assist the trial court in the proper exercise of its discretion in fixing defendant's sentence, whether or not out of the record."

Defendant tells us he is not contending there was lack of due process but rather challenges fairness and equity in relation to the examination by the court of the presentence investigation. It is the trial court's use of the presentence investigation report once it was received which defendant attacks in this appeal. He argues the trial court did not use the presentence investigation merely as one of many sources of information but rather as the *only* source.

Defendant's real argument seems to be the report was biased because written by one person alone and therefore trial court's reliance on it was reversible error. It is not stated outright, however, that the report was biased; rather the argument is that it possibly was biased. Even asserting bias on the part of the writer is probably stronger than defendant intended, he states the argument this way: "It is not disputed that all of the aforementioned factors were possibly included within the presentence investigation report, but what must be remembered is that it was within one report written by one man and possibly favoring that one man's opinion of the Defendant's record and background."

Defendant's argument is made in the face of a record which discloses that at no time did defendant challenge accuracy of statements in this report about his background nor was the trial judge asked to disregard any of them or to afford defendant a chance to refute or discredit any of them by cross-examination or otherwise. He made no request that the State be required to offer evidence in support of the statements.

■ This court has recognized that the sentencing process is not immune from scrutiny. However, in the absence of evidence to the contrary this court must assume the trial court made proper use of the presentence report and did not give consideration to anything based upon rumor, speculation or conjecture. State v. Delano, 161 N.W.2d 66, 71 (Iowa 1968).

Defendant's contention urged in the respects thus far considered is without merit.

■ II. At another point in argument defendant urges in support of his first assignment that any record of prior convictions contained in the presentence investigation report should not have been considered by the trial court in determining the appropriate sentence to be imposed. He relies on State v. Rand, 238 Iowa 250, 25 N.W.2d 800.

Obviously, defendant has confused the principle of law stated in the cited case and repeated in State v. Armstrong, 183 N.W.2d 205, 207–209 (Iowa 1971) and State v. Hopkins, 192 N.W.2d 747, 748–749 (Iowa 1972) and in many other decisions of this court to the effect that with certain enumerated exceptions the State cannot prove against a defendant any crime not alleged in the indictment, either as a foundation for separate punishment or as aiding the proofs that he is guilty of the crime charged. The principle recognized in the cited cases was made in reference to the determination of guilt stage and has no application to the sentencing stage.

The procedure in the sentencing process is not the same as in the trial process. See State v. Delano, 161 N.W.2d at 69–71, where the matter is discussed at some length and will not be repeated here.

The contention is without merit.

III. Defendant next seems to argue he should have been given the opportunity to examine the report.

Presentence reports are documents which are not required to be made available to defendant as a matter of right. Gregg v. United States, 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442.

The following statement from United States v. Lowe, 482 F.2d 1357, 1358–1359 (6 Cir. 1973), is relevant:

"Appellant's second contention raises the issue of whether a criminal defendant has a right to examine a presentence report. If appellant has this right, it must be found in the Constitution. The Federal Rules of Criminal Procedure are clear in indicating that a defendant has no such absolute right. Rule 32(c)(2), Fed.R.Crim. P., provides that a district judge *may* disclose all or part of the material contained in the presentence report. This has been uniformly interpreted as granting discretion to the trial court in determining whether a defendant should be permitted to examine ·the report. 2 Wright, Federal Practice and Procedure § 524.

"No reported decision of this Court on this constitutional issue has been found. We follow the sound reasoning expressed by several other Circuits in rejecting this contention of appellant. * * * [citing authorities]." (Emphasis in the original)

In the present state of the law there is no constitutional right to inspection of the presentence report. However, see State v. Delano, 161 N.W.2d at 71–72 and the dissent in State· v. Cole, 168 N.W.2d 37, 42–45 (Iowa 1969), where several authorities are set out concerning the fact that it may be desirable, and in the future constitutionally necessary, to allow examination of the report. See also the pocket supplement to 2 Wright, Federal Practice and Procedure, section 524.

It is to be remembered that at no time did defendant in the case before us request an opportunity to examine the report although it was referred to by both the prosecution and the sentencing judge. Under this record the trial court did not abuse its discretion. The contention cannot be sustained.

IV. Defendant was sentenced to an indeterminate term not to exceed seven years; this was not in excess of the penalty provided by section 713.1, The Code, 1971. Defendant makes two contentions in this assignment.

Insofar as his first contention is that the statute under which he was sentenced is unconstitutional because it provides for cruel and inhuman punishment, such argument presents nothing for review because it was never raised in trial court. State v. Russell, 216 N.W.2d 355 (Iowa 1974). On substantive grounds, generally a sentence within statutorily prescribed penalties does not constitute cruel and unusual punishment. State v. McNeal, 167 N.W.2d 674, 678 (Iowa 1969); State v. Tokatlian, 203 N.W.2d 116, 120 (Iowa 1972).

His second contention is that trial court abused its discretion in imposing the indeterminate sentence not to exceed seven years. If the judgment does not exceed the statutory maximum this court will interfere only where an abuse of discretion is shown. State v. Carncross, 205 N.W.2d 698 (Iowa 1973). Defendant's past record· is not good; he has had several other problems with the law. Under the circumstances shown by this record no abuse of discretion is shown. This assignment is without merit.

The case is therefore

Affirmed.