STATE of Iowa, Appellee,

v.

**David George DEE, Appellant.**

**No. 56904.**

Supreme Court of Iowa.

May 22, 1974.

· Richard D. Hoadley, Fairfield, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Edwin F. Kelly, Jr., County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

Defendant appeals judgment and 50 year sentence entered on his plea of guilty to the crime of rape. See § 698.1, The Code.

Released on bail during pendency of this appeal pursuant to his constitutional right (Iowa Constitution, art. I, § 12), defendant now asserts trial court erred in: 1) imposing a 50 year sentence; 2) denying him his right to allocution; 3) not investigating effective assistance of counsel; and 4) accepting an involuntary guilty plea.

## I. *Fifty year sentence.*

■ Defendant claims trial court erred by basing its decision to impose a 50 year sentence on an inaccurate pre-sentence report which defendant was not allowed to thoroughly study and completely rebut. The record clearly shows defendant was asked by the court if he had a chance to read over the pre-sentence report. He answered in the affirmative. The record also shows the court gave defendant ample opportunity to rebut any alleged inaccuracies. In absence of evidence to the contrary we must assume trial court made proper use of the pre-sentence report. State v. Waterman, 217 N.W.2d 621 (Iowa, filed April 24, 1974).

Defendant also asserts the imposition of a 50 year sentence violates the prohibition against cruel and unusual punishment. He compares the sentence in this case with sentences imposed in other cases reaching this court and dating back as far as 1902. In view of the current trend to release a prisoner from incarceration after he has served only a fraction of his sentence we see little to be gained from such comparisons.

■ A sentence within the statutorily-prescribed penalty ordinarily does not constitute cruel and unusual punishment. State v. Waterman, supra, 217 N.W.2d at 624; State v. Tokatlian, 203 N.W.2d 116 (Iowa 1972); State v. McNeal, 167 N.W.2d 674, 678 (Iowa 1969). Trial court did not abuse its discretion in imposing the maximum sentence. State v. Jennings, 219 N.W.2d 1 (Iowa, filed May 22, 1974).

## II. *Denial of right of allocution.*

■ Defendant argues his right to allocution was denied because the trial court interrupted him while he was exercising it. Although trial court did "interrupt" defendant, shortly thereafter the court asked defendant if he had anything else to say. Defendant's responding statement comprises more than a page of typewritten transcript. This assignment of error has no support in the record.

## III. *Investigating effective assistance of counsel.*

■ Defendant argues trial court committed reversible error by allegedly failing to investigate effective assistance of counsel. Trial court has no duty to *investigate* the effectiveness of counsel. Defendant was asked if he was satisfied with the representation given to him by his attorney. He answered he was.

■ The standard by which we judge effectiveness of counsel is "whether in all the circumstances counsel's performance was within the range of normal competency." Ogden v. State, 215 N.W.2d 335, 337 (Iowa 1974); State v. Massey, 207 N.W.2d 777, 780 (Iowa 1973). Judged under this standard defendant's assignment of error is without merit.

## IV. *Involuntary guilty pleas.*

■ Defendant contends his guilty plea was involuntary because it was coerced by prosecution threats to recommend a life sentence, coupled with his own counsel's recommendation to plead guilty to avoid that disposition of the case. He also claims conditions of confinement prior to trial resulted in an involuntary plea. These allegations have no support in the record.

Apparently after sentencing, charges of sodomy and child stealing were dismissed.

■ An involuntary or coerced plea will not support a judgment and sentence. Walker v. Brewer, 189 N.W.2d 605, 609 (Iowa 1971); Brewer v. Bennett, 161 N.W.2d 749, 751 (Iowa 1968). But a guilty plea does not lose its validity because it represents a voluntary and intelligent choice among alternative courses of action open to an indicted accused. Young v. Brewer, 190 N.W.2d 434, 438 (Iowa 1971). And a disappointed expectation of leniency

is not sufficient cause to vitiate a guilty plea. State v. Helter, 179 N.W.2d 371, 373 (Iowa 1970).

 The two remaining charges, dismissed after the guilty plea, were well within the factual periphery of the case. Such dismissals, under the circumstances of this case, were not inconsistent with defendant's free, voluntary and willing plea of guilty, and do not infer coercion. State v. Bastedo, 253 Iowa 103, 111–112, 111 N.W.2d 255, 259–260 (1961).

A careful examination of the facts in this case discloses no support for defendant's claim his guilty plea was involuntarily entered, nor for other assignments of error raised by his brief.

The lower court's judgment and sentence must be affirmed.

Affirmed.