**STATE of Iowa, Appellee,**

v.

**Michael P. JENNINGS, Appellant.**

No. 56500.

Supreme Court of Iowa.

May 22, 1974.

Dennis E. Roberson, Maquoketa, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., and Thomas F. Peckosh, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON, and HARRIS, JJ.

PER CURIAM:

Defendant appeals judgment entered on his plea of guilty of breaking and entering. The sole question presented is whether the trial court abused its discretion in sentencing defendant to a term not to exceed ten years in the state reformatory, the maximum under the applicable statute, Code section 708.8.

In State v. DeVan, Iowa, 1973, 205 N. W.2d 699, 700, we recognized the following legal principles:

"It is our duty to carefully consider whether the punishment is too severe. Where the judgment does not exceed the statutory maximum, it is only where an abuse of the trial court's discretion is shown that we will interfere. The de-

1

termination of whether to sentence a defendant to jail and assess a fine rather than to the penitentiary, as permitted under section 708.8, is addressed to the sound discretion of the trial court as is the question of any probation."

See also State v. Voshell, Iowa 1974, 216 N.W.2d 309; State v. Russell, Iowa 1974, 216 N.W.2d 355; State v. Stakenburg, Iowa 1974, 215 N.W.2d 265; State v. Carncross, Iowa 1973, 205 N.W.2d 698.

Defendant age 20, admitted he broke into the Sabula Fire Station, vandalized it, and stole fire department equipment. In addition, the presentence report reveals defendant's repeated criminal involvement both as a juvenile and as an adult. Trial court did not abuse its discretion by imposing the maximum sentence.

Affirmed.