STATE of Iowa, Plaintiff–Appellee,

v.

Michael Lynn LEGRAND, Defendant–Appellant.

No. 92–29.

Court of Appeals of Iowa.

Feb. 23, 1993.

60

David J. Smith, Swift, Mundy & Associates, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Russell G. Keast, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant-appellant Michael Lynn LeGrand appeals his conviction for interference with official acts and child endangerment. Defendant contends he should have been granted a continuance, and the trial court erred in determining his sentence. We affirm.

On September 11, 1991, a trial information was filed charging defendant with operating a motor vehicle while intoxicated, child endangerment, and interference with official acts. The information included the minutes of testimony of four witnesses. Trial was set for November 18, 1991.

Defendant's attorney deposed the witnesses named in the information whose testimony was relevant to the issues he contested.

Then on November 8, 1991, the State filed in the clerk's office a notice of additional evidence, listing eight witnesses previously not disclosed to defendant. Defendant's counsel did not receive a copy of the notice until November 13, 1991. The postmark on the envelope mailing defendant's attorney the notice was November 12, 1991. Defendant filed a motion to continue because of the State's notice of additional witnesses. The trial court denied defendant's motion. Defendant renewed the motion. A hearing was held on November 18, 1991, prior to the commencement of trial. At the hearing, defendant asked for a continuance or, in the alternative, exclusion of the additional witnesses. The trial court denied defendant's motion. The judge told defendant's counsel he could question the additional witnesses prior to the State's calling them as witnesses.

Defendant contends the continuance should have been granted, and he was prejudiced by the trial court's failure to do so. The State contends notice was given in a timely manner because the State only needs show the notice was served ten days before trial, not that defendant received it ten days before trial.

■ Iowa Rule of Criminal Procedure 18(2) provides a witness may testify in support of an information if the witness's identity and a minute of the witness's evidence has been given in accordance with the pertinent rules of criminal procedure at least ten days before the commencement of trial. *See* Iowa R.Crim.P. 18(2).

■ One purpose of providing time frames within which the State is to provide a defense attorney with advance notice is so adequate preparation can be made for trial and reasonable opportunity is provided a defense attorney to adequately defend his or her client. This is important to assure defendant has a fair trial with competent representation. *See State v. Miller*, 259 Iowa 188, 196, 142 N.W.2d 394, 400 (1966).

■ We agree with the State, the word "given" in rule 18(2) means served. *See State v. King*, 225 N.W.2d 337, 342–43 (Iowa 1975). While *King* was decided under Iowa Code section 780.10 (1975), a prior rule on the giving of notice of additional testimony, we find its holding applicable here. We also agree with the State that the manner of giving notice in criminal proceedings is governed by Iowa Rule of Criminal Procedure 28(2), which provides that, "[s]ervice and filing of written motions, notices and other similar papers shall be in the manner provided in civil actions." Iowa R.Crim.P. 28(2). The Iowa Rules of Civil Procedure provide for service of notices by mail and provide that service shall be considered complete upon mailing. Iowa R.Civ.P. 82(a), 82(b).

The problem with the State's position is the State has failed to provide adequate proof the notice of additional testimony was mailed or served ten days before trial. Iowa Rule of Civil Procedure 82(g) provides direction as the necessary proof of service.

> The proof shall show the time and manner of service and the names and addresses of persons served. The proof may be by written acknowledgment of service, *by certification of the person*

*who served the papers,....* (emphasis supplied).

Iowa R.Civ.P. 82(g).

■ The certification of service is signed with what appears to be the letter "r."[1] The county attorney's office was unable to identify the person from its office who mailed the document. Therefore, we cannot find the notice was mailed to defendant's attorney on November 8, particularly when the postmark on the envelope shows it was not mailed until November 12.

■ However, noncompliance with the notice requirements of Iowa Rule of Criminal Procedure 18(2) does not, in all instances, require exclusion of the testimony of the witnesses. *State v. Bedwell,* 417 N.W.2d 66, 69 (Iowa 1987).

Remedies for failure to give timely notice are found under Iowa Rule of Criminal Procedure 18(3), which provides:

> Failure to Give Notice. If the prosecuting attorney does not give notice to the defendant of all prosecution witnesses (except rebuttal witnesses) at least ten days before trial, the court may order the state to permit the discovery of such witnesses, grant a continuance, or enter such other order as it deems just under the circumstances. It may, if it finds that no less severe remedy is adequate to protect the defendant from undue prejudice, order the exclusion of the testimony of any such witnesses.

Iowa R.Crim.P. 18(3).

The question is whether the trial court abused its discretion in allowing defense attorney to interview the additional witnesses, but not excluding the witnesses or continuing the case. *See State v. Ware,* 338 N.W.2d 707, 714 (Iowa 1983).

■ Defendant contends the trial court did abuse its discretion. Five witnesses originally known to the State but not named until the notification of additional witnesses testified at trial. Defendant contends their testimony provided additional support not anticipated by him on the issue of child endangerment.

There is merit to defendant's argument. The facts show defendant was stopped by an Officer Douglas Shannon who asked defendant to do several sobriety tests. Defendant was then arrested for driving under the influence. Defendant asked if he could speak to his children. The officer permitted him to go to the van. Defendant got into his van and drove away. Shannon got in his car and chased defendant. Shannon called for backup help. Several patrol cars responded and stopped defendant.

Defendant was found not guilty on the charge of driving under the influence.

The original minutes of testimony listed Shannon as the one witness who would give testimony about child endangerment and interference with official acts. The minutes recited Shannon would testify defendant fled the scene after he was arrested for driving under the influence, other law enforcement officers joined in the pursuit of defendant, and defendant's vehicle slowed down and stopped.

The additional witnesses included other law enforcement officers who joined the pursuit. Five of these witnesses testified at trial. They testified to defendant's attempt to run law enforcement units off the road, to speed up when they tried to box defendant in, and the danger of the chase.

We agree with defendant that the officers' testimony was not merely formal, *see State v. Buford,* 308 N.W.2d 31, 34 (Iowa 1981), or a substitute for other evidence. *See Bedwell,* 417 N.W.2d at 69. It was substantive testimony that exceeded the information the State originally relied on to support the charge. We also agree with defendant that the introduction of new evidence benefited the State and put a burden on the defense attorney who had conscientiously prepared for trial and deposed material witnesses the State had listed in the original information.

---

1. Where a person signs with a mark or illegible signature the better practice is to type or print his or her name under the signature.

■ While the issue is extremely close and we do not condone the State's failure to see that defendant had prompt notification of the additional witnesses, we cannot find under this record the trial court abused its discretion. The trial court provided defendant's counsel the opportunity to interview the witnesses. Having been given the opportunity to interview the witnesses, defense counsel made no further objections.

■ Defendant next contends the trial court in sentencing him should not have considered his substance abuse problem. Defendant argues because he was acquitted on the charge of driving under the influence, this amounted to the trial court considering an unproven crime in sentencing him. We agree with defendant that it is error for a court to consider or rely on an unproven charge in sentencing. *See State v. Black*, 324 N.W.2d 313, 315–16 (Iowa 1982); *State v. Bragg*, 388 N.W.2d 187, 191 (Iowa App.1986).

■ However, the record does not support defendant's contention the court relied on the operating while intoxicated charge in pronouncing sentence.

The State's reference to defendant's use of alcohol came when the prosecutor related to the court the defendant's record:

In 1985 Mr. LeGrand was charged with Criminal Mischief 4th and Public Intoxication. He pled to Criminal Mischief 5th, was fined $50.00 and ordered to pay ... victim restitution.... In 1987 in April, Mr. LeGrand was charged with OWI, being a second offender. In October of that year he received a mandatory minimum sentence.

■ The trial court may properly consider a defendant's criminal history in determining his or her sentence. *See State v. Waterman*, 217 N.W.2d 621, 623–24 (Iowa 1974); *State v. Maynard*, 379 N.W.2d 382, 384 (Iowa App.1985).

Defendant's attorney talked about defendant's use of alcohol when he said:

In regard to some of the points made by the county attorney, I note that several of these charges concern a problem with alcohol, and I would have no doubt that the Court has noticed as well. I would like to bring up at this time that as part of this case prior to trial the defendant did comply with the Court's order regarding substance abuse evaluation and follow through on any treatment and that he has completed that.... [H]e cooperated with [the judicial system] by making the appearances when required and also in regards to successfully completing the alcohol evaluation and substance abuse evaluation.

The trial court said:

So, no, Mr. LeGrand, I do not accept Mr. Smith's [defense counsel's] statement that you're not a danger to the community. Your prior record has established that with your prior operating while intoxicated conviction. Every time you let [sic] behind the wheel if you've been drinking and driving you're a danger to the community.

The trial court then ordered as a condition of probation the defendant was not to consume alcohol during the period of his probation and he was to complete alcohol counseling and/or treatment as indicated by his probation officer.

■ The trial court in considering defendant's use of alcohol did not rely on a crime not admitted by defendant or not proven. The court recognized defendant's driving and his refusal to stop for law enforcement officers endangered the officers and defendant's two young children. The trial court did not say it found the defendant was driving under the influence on the date of the incident. It was not improper, however, for the trial court to consider the testimony at trial that defendant drank before and during the time he drove. Defendant admitted he was drinking that day, he just denied he had consumed the quantity of alcohol necessary to find him to be driving under the influence. The trial court considered this behavior in light of the fact that as recently as 1987, defendant had been convicted of OWI second offense. A trial court may consider a defendant's history of alcohol-related problems in determining his or her sentence. A

defendant's alcoholism, and his attempts or failure to control it, are factors to be considered by a sentencing court. *State v. Cole*, 452 N.W.2d 620, 622 (Iowa App.1989).

A trial court has considerable discretion in sentencing. *See State v. Zaruba*, 306 N.W.2d 772, 774 (Iowa 1981); *State v. Messer*, 306 N.W.2d 731, 732 (Iowa 1981). There is a strong presumption in favor of a sentence given by a trial court that is rebutted only by an affirmative showing of an abuse of discretion. *See State v. Sumpter*, 438 N.W.2d 6, 10 (Iowa 1989). The burden of showing an abuse of discretion is on the defendant. *See Zaruba*, 306 N.W.2d at 774; *State v. Stanley*, 344 N.W.2d 564, 568 (Iowa App.1983). A trial court, within limits of applicable statutes, has discretion to select a sentencing combination that affords a maximum opportunity for defendant's rehabilitation and for protection of the community from further offenses by defendant and others. *See Stanley*, 344 N.W.2d at 567 (quoting Iowa Code section 902.5 (1981)).

The trial court did not abuse its discretion in considering defendant's history of substance-abuse-related offenses and evidence that he consumed alcohol on the date of this offense as factors in sentencing defendant.

**AFFIRMED.**