# IN THE COURT OF APPEALS OF IOWA

No. 14-0634
Filed March 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FRANCISCO JAVIER BRIONES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Thomas G. Reidel, Judge.


        Francisco Briones appeals from his conviction for delivery of a controlled substance.  **AFFIRMED.**


        Shawn C. McCullough of the Law Office of Jeffrey L. Powell, Washington, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Alan Ostergren, County Attorney, and Korie Shippee, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

Francisco Briones appeals from his conviction for delivery of a controlled substance. He claims the district court should have excluded the testimony of the State's confidential informant, as well as portions of an audio recording of phone calls between him and the informant immediately before the drug sale. We conclude the court properly admitted the informant's testimony, and, furthermore, Briones cannot establish he was prejudiced by the admission of the audio recording, given the evidence was cumulative. Therefore, we affirm Briones's conviction.

On April 16, 2013, Briones gave a confidential informant (CI), an eight ball of cocaine in exchange for $190. The CI was equipped with a recording device, the tape of which was admitted at trial as Exhibit 1. The State charged Briones by trial information with delivery of a controlled substance, cocaine, in violation of Iowa Code section 124.401(1)(c)(2)(b) (2013). Prior to trial, Briones filed a motion in limine requesting the CI's testimony be excluded, arguing the State had added the CI to its witness list in an untimely fashion, in violation of Iowa Rule of Criminal Procedure 2.19(3). He further requested portions of Exhibit 1 be excluded. The district court denied the motion, and following a jury trial that commenced on January 27, 2014, Briones was found guilty. Briones appeals.

We review evidentiary rulings for an abuse of discretion. *State v. LeGrand*, 501 N.W.2d 59, 62 (Iowa Ct. App. 1993).

Briones first argues the district court abused its discretion in allowing the testimony of the CI, due to the lateness of the State's notice that it would be calling the CI as a witness. Iowa Rule of Criminal Procedure 2.19(3) states:

> If the prosecuting attorney does not give notice to the defendant of all prosecution witnesses (except rebuttal witnesses) at least ten days before trial, the court may order the state to permit the discovery of such witnesses, grant a continuance, or enter such other order as it deems just under the circumstances. It may, if it finds that no less severe remedy is adequate to protect the defendant from undue prejudice, order the exclusion of the testimony of any such witnesses.

The record here demonstrates the State complied with this rule—it filed its notice of additional minutes of evidence on January 10, 2014, which listed the CI as a witness. Trial commenced on January 27, more than ten days after this filing. Moreover, exclusion of the evidence is only warranted when there is no other alternative to protect the defendant from undue prejudice. *See id.*; *see also Legrand*, 501 N.W.2d at 61–62 (noting the proper remedy for a violation of this rule is for the district court to grant a continuance). Consequently, the district court properly denied Briones's motion to exclude the CI's testimony, given no violation of Rule 2.19(3) occurred.

Briones next claims the court erred in allowing the admission of Exhibit 1, specifically, portions of the tape where the CI is speaking to Briones on the telephone, but his responses cannot be heard. Upon review of the record, Briones cannot establish he was prejudiced by the admission of this evidence, regardless of the issue of reliability. When evidence is cumulative of other, properly admitted evidence, the defendant cannot establish prejudice. *State v. Wixom*, 599 N.W.2d 481, 484 (Iowa Ct. App. 1999). Here, the CI testified to personal recollection of events. Moreover, during his testimony, Briones admitted to meeting the CI and speaking with the CI on the phone. Consequently, Briones cannot establish that he was prejudiced by the admission

of this evidence. *See State v. Dudley*, 856 N.W.2d 668, 678 (Iowa 2014) (noting the defendant must establish prejudice on an evidentiary claim in order for reversal to be warranted).

Based on the foregoing conclusions, we affirm Briones's conviction.

**AFFIRMED.**