# IN THE COURT OF APPEALS OF IOWA

No. 22-1415
September 27, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHNATHON THOMAS WINGFIELD,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Johnathon Wingfield appeals his sentence following his *Alford* pleas. **AFFIRMED.**

Jessica Donels of Parrish Kruidenier Dunn Boles Gribble Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., Badding, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**AHLERS, Presiding Judge.**

Johnathon Wingfield reached a plea agreement with the State to resolve multiple child-sex-abuse charges. Pursuant to the agreement, Wingfield entered *Alford* pleas[1] to two counts of an amended charge of assault with intent to commit sexual abuse, in violation of Iowa Code section 709.11(3) (2021). Under the agreement, both parties agreed to recommend the maximum sentence of two years for each charge with the sentences to be run consecutively. The agreement allowed the State to argue for imposition of the term of incarceration and Wingfield to argue for suspension of the sentence.

After accepting Wingfield's pleas, the district court ordered a presentence investigation report (PSI) to be prepared. Wingfield failed to cooperate in the preparation of the PSI. Nevertheless, a PSI was prepared in time for Wingfield's initial sentencing hearing. The PSI was not favorable to Wingfield. At the initial hearing, Wingfield's counsel asked for a continuance to allow Wingfield a second chance to cooperate with the PSI process. His counsel argued that Wingfield misunderstood his obligation to cooperate in the process. The district court granted the request, Wingfield cooperated in the process, and a supplemental PSI was prepared and filed with the court before Wingfield's rescheduled sentencing hearing.

At the rescheduled hearing, the district court followed the joint recommendation of imposing two, two-year sentences to be served consecutively.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and voluntarily, knowingly, and understandingly agreeing to allow the court to consider such strong evidence of guilt in accepting the plea).

The court resolved the competing arguments over suspension or imposition of the sentence in favor of the State, requiring Wingfield to serve the indeterminate four-year prison sentence. Wingfield appeals. He argues the district court abused its discretion by failing to consider the supplemental PSI and to properly weigh the information in that supplemental report.

Because Wingfield challenges his sentence rather than the *Alford* plea itself, he has good cause to appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (finding good cause to appeal following a guilty plea when the defendant challenges the sentence rather than the plea); *State v. Phillips*, __ N.W.2d __, __, 2023 WL 2672058, at *1 (Iowa Ct. App. 2023) (finding good cause to appeal following an *Alford* plea when only the sentence is challenged). There is no dispute that Wingfield's sentence is within the statutory limits, so we review for an abuse of discretion. *See State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020) ("If the sentence imposed is within the statutory limits, as it is here, we review for an abuse of discretion."). A sentencing decision that falls within statutory limits is "cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022) (quoting *Damme*, 944 N.W.2d at 105–06). A sentencing court abuses its discretion only when the discretion is exercised for reasons that are clearly untenable or clearly unreasonable. *Id.*

Wingfield argues the court disregarded its obligation to consider the supplemental PSI. *See* Iowa Code § 901.5 (listing the PSI as one of the items of pertinent information the court is to consider in choosing a sentencing option). The defendant bears the burden of proving the court abused its discretion. *State v.*

*LeGrand*, 501 N.W.2d 59, 64 (Iowa Ct. App. 1993). Wingfield failed to meet his burden.

The crux of Wingfield's argument is that the court did not acknowledge the supplemental PSI's recommendations that he complete sex-offender treatment in the community rather than in prison; made clear it was disregarding the supplement when it stated it did not believe the supplement represented Wingfield's true self; and ignored Wingfield's expression of remorse at the sentencing hearing. We are not persuaded by Wingfield's arguments.

Wingfield's claim that the district court did not consider the supplemental PSI is directly rebutted by the district court's statement that it considered the supplemental report. As to the weight to give the supplemental PSI, the court is not required to follow the PSI recommendations—it is only one factor the court is permitted to consider. *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). The fact the court imposed a prison sentence while the PSI author recommended a suspended sentence does not demonstrate an abuse of discretion.

As to Wingfield's contention that the court ignored his expression of remorse, the court was not required to take his statements, either at sentencing or to the PSI interviewer, at face value. We give district court judges significant latitude in sentencing, *Damme*, 944 N.W.2d at 106, and this includes their judgment about a defendant's sincerity. *See State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022) (noting that whether a defendant shows sincere remorse or lack of remorse is a proper consideration in sentencing); *State v. Watkins*, No. 02-0075, 2002 WL 31018187, at *1 (Iowa Ct. App. Sept. 11, 2002) (finding no abuse of discretion when the district court's recital of factors included the "defendant's

lack of sincere remorse"). Just because the district court did not believe what Wingfield told the PSI interviewer that ended up in the supplemental report does not mean the court ignored it. We also note that the district court's conclusion that Wingfield lacked remorse is supported by the record. For example, the initial PSI noted Wingfield resisted participation in treatment. With this fact in mind, it is justifiable that the court doubted the sincerity of the about-face Wingfield exhibited in the second interview and in the resulting supplemental PSI. Even at the final sentencing hearing, while Wingfield stated remorse for the difficulty of the events of the case on "everyone," he expressed no remorse for the actions leading to his convictions. This detail further supports the court's determination that Wingfield lacked remorse.

Wingfield failed to meet his burden of establishing that the district court abused its discretion. He has not shown that the decision to impose a prison sentence was clearly untenable or clearly unreasonable. As a result, we affirm the decision of the district court.

**AFFIRMED.**