**IN THE COURT OF APPEALS OF IOWA**

No. 23-1887
Filed December 4, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARLON LAMONTE MACLIN SR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Michael Motto, Judge.

A defendant appeals a district court's evidentiary ruling. **AFFIRMED.**

Christopher Kragnes Sr., Des Moines, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

Marlon LaMonte Maclin Sr. appeals the district court's evidentiary ruling, contending that witness testimony should have been excluded. Upon our review, we affirm.

## I.    *Background Facts and Proceedings.*

On June 28, 2023, the Iowa Board of Parole revoked Maclin's parole and placed him on work release status at Davenport Work Release Center. The next day, he was permitted to address unrelated pending charges in the neighboring Rock Island, Illinois, and return to Scott County, Iowa. Maclin admitted that he was released from Rock Island County Jail on June 30 but did not return to the Work Release Center as expected. A residential officer searched for Maclin, contacting nearby hospitals and jails, family members, and Maclin's personal cell phone, but she was not able to reach him. By July 5, a warrant was issued for Maclin's arrest, and he was located in Scott County. When questioned by the investigating officer about why he did not return, Maclin stated he "was like a dog out of the cage" and "did not think about going to the work release because he had been in jail since March. He wanted to hug his family."

The State charged Maclin with voluntary absence from custody and filed minutes of testimony that included several witnesses from the Work Release Center. Trial was scheduled to occur Monday, September 25. On the Friday before trial, the State filed amended minutes of testimony, in which it added Jennifer McAndrew as a witness. McAndrew was Maclin's probation parole officer before his revocation and filed the initial complaint alleging Maclin was absent from custody. Because of the short notice, Maclin objected to her testimony, arguing

its inclusion was prejudicial. But the court disagreed and permitted her to testify. After a bench trial, the court convicted Maclin as charged, and he appeals.

## II. Review.

We review the court's inclusion of testimony outside of the initial minutes of testimony for an abuse of discretion. *State v. Middlekauff*, 974 N.W.2d 781, 804 (Iowa 2022). This discretion permits the court to "choose one among many acceptable alternatives, so long as its choices are not clearly untenable or unreasonable." *State v. Tucker*, 982 N.W.2d 645, 657 (Iowa 2022).

## III. Discussion.

Maclin argues that the court abused its discretion by failing to exclude McAndrew's testimony. Generally, a prosecutor may not offer witness testimony that was not properly disclosed "at least [ten] days before the commencement of trial." Iowa R. Crim. P. 2.19(2)(a); *see also* Iowa R. Crim. P. 2.5(3) (requiring the prosecuting attorney to submit minutes of testimony that adequately disclose witnesses). "However, noncompliance with the notice requirements [under this rule] does not, in all instances, require exclusion of the testimony of the witnesses." *State v. LeGrand*, 501 N.W.2d 59, 62 (Iowa 1993). In fact, the court may only exclude the witness upon a finding "that no less severe remedy is adequate to protect the defendant from undue prejudice." *See* Iowa R. Crim. P. 2.19(2)(b). Despite Maclin's arguments to the contrary, we do not find that he suffered such prejudice.

When determining whether Maclin suffered undue prejudice, we consider the general purpose of the rule, which "is to inform the defendant of the identity of State witnesses and what evidence they will give." *Middlekauff*, 974 N.W.2d at 804

(citation omitted). This gives the defense "advanced notice" to adequately prepare for trial. *LeGrand*, 501 N.W.2d at 61. Maclin claims he was prejudiced because he was unable to depose McAndrew and he relied on her lack of testimony in preparing his trial strategy. But this is not dispositive. *See id.* at 62 (finding no abuse of discretion in admitting new, "substantive testimony" despite it "put[ting] a burden on the defense attorney who had conscientiously prepared for trial"). Instead, we focus on whether Maclin was "surprised by the [witness's] testimony." *See State v. Smith*, 282 N.W.2d 138, 141 (Iowa 1979). It is undisputed that the parties were aware of McAndrew's existence; she was a key player leading up to the charges, signed an affidavit explaining Maclin's work release requirements, and was listed as a witness to the parole revocation hearing. Maclin also did not ask for either a continuance or leave to depose McAndrew. *See id.* (considering whether a defendant requested an alternative, such as "ask[ing] for a continuance" in prejudice analysis); *see also* Iowa R. Crim. P. 2.19(2)(b) (providing alterative remedies to the exclusion of late-filed testimony). We therefore cannot find that Maclin was unduly prejudiced by the inclusion of her testimony or that the court abused its discretion in admitting it.[1]

Further, even if we found such an error, we find that it was harmless. *See Middlekauff*, 974 N.W.2d at 805 (applying harmless-error analysis when determining whether admitting late witness's testimony is prejudicial); *Smith*,

---

[1] In finding that the court did not abuse its discretion, we are careful not to "condone the inattention of the prosecuting attorney." *See Smith*, 282 N.W.2d at 141; *LeGrand*, 501 N.W.2d at 63 ("We do not condone the State's failure to see that defendant had prompt notification of the additional witnesses . . . ."). The State failed to timely notify Maclin that it intended to call McAndrew as a witness, which is a violation of our rules. *See* Iowa R. Crim. P. 2.19(2)(a).

282 N.W.2d at 141. The evidence against Maclin was overwhelming, and McAndrew's testimony was merely cumulative. *See State v. Krogmann*, 998 N.W.2d 141, 163 (Iowa 2023) (J. McDermott, dissenting) ("Most cases finding an evidentiary error to be harmless rely on one of two theories: the cumulative nature of the evidence in question, or overwhelming evidence of guilt."). Despite Maclin's argument that without McAndrew's testimony, "there would be no proof Maclin was ordered to be at the work release facility," this is incorrect. Two other witnesses confirmed Maclin's status in their respective testimonies, and several exhibits established his parole revocation and its replacement with work release. Additional exhibits showed that Maclin failed to return to the facility, including Maclin's own admission that he chose not to return in order to spend time with his family. The State also introduced exhibits such as the complaint and investigation into evidence, which were then corroborated by the witnesses' testimonies. While McAndrew's testimony was used to confirm these facts and clarify her role, it did not provide additional information. We therefore cannot find prejudice here.

### IV.    *Disposition.*

Because the district court did not abuse its discretion in its evidentiary ruling, we affirm.

**AFFIRMED.**