The Chief Justice
delivered the opinion of the court.
This was a bill filed by Dumaresly against Fischli, to obtain a conveyance of a moiety of four lots in the town of Louisville. He alledges that he and Fischli agreed to jointly purchase the lots, and that Fischli was to advance the whole of the purchase money, and to receive from him interest for his half thereof, until it was repaid. That Fischli accordingly made the purchase of the lots; but instead of taking the conveyance to them jointly, took it to hitnseif only, and refuses to convey to Dumaresly a moiety of the Jots, notwithstanding he has offered to repay one half of the purchase money with interest. He therefore prays that Fischli may be decreed to convey, &c.
Fischli, in his answer, denies that he made the purchase for the joint benefit of Dumaresly and himself. He admits that at the inception of the negotiation, he conceived the idea of making such a purchase, but alicdges that for reasons, which he states in his answer, and to which Du-maresly assented, he declined making a joint purchase, and contracted in bis own name, and for his own benefit; and he pleads and relics upon the statute against frauds and perjuries.
i'he court below decreed Ftschii to convey a moiety of the lots, and Dumaresly to repay to Fischli one half of the purchase money, with interest; dad to that decree Fisehii prosecutes this writ of error,
The statute imperative against bat contracts where"the trust is direct —but <’oes trust*; they wilt be de evidenced if'
Pope for appellant, Hardin for appellee.
It is evident that the decree cannot be sustained. Th& parol testimony in the cause strongly conduces, indeed,No prove the agreement alledged in the bill; but that agreement was never reduced to writing; and a mere verbal ®r unwritten contract for lands is remediless, according to the express provisions of the statute against frauds and perju-j.jes
There may, no doubt, be an equity resulting from facts, the relation of the parties, which, notwithstanding the statute, may be enforced: for it is only to express contracts that l^e provisions bf the statute apply. As, for example, where the conveyance of land is taken m the name of one, and the purchase money appears td have been paid by ano-there will a trust result by implication to the latter, which is not within the influence of the statute. Bui in this case there is no Fact from which a trust can result to Dumaresly. The whole purchase money is admitted te been paid by Fischli; and if Dumaresly has any equity, it must arise exclusively from the express contract of the parties, which hot being in writing, cannot be enforced according to the provisions of the statute.
The idea suggested in the argument, that Fischli acted as the agent of Dumaresly in mdking the purchase to the extent of a moiety of the lots, and that the statute docs not require the authority of an agent to be in writing, cannot take the case out of the influence of the statute. The sufficiency of the authority of Fischli io have made a joint purchase in Dumaresly’s name arid his own, is not called its question He has not done so, but has made the purchase in his own name; and whether he had an authority to make ⅛ purchase for the joint benefit of both, or not, is immaterial, if the agreement that he would do so cannot be enforced because it was not reduced to writing.
The decree must he reversed with costs, the cause remanded, that th# bill maj be dismissed with hosts.