STATE of Iowa, Appellee,

v.

Lisa HARRIS, Appellant.

No. 94–113.

Court of Appeals of Iowa.

Dec. 14, 1994.

Alfredo Parrish of Parrish, Kruidenier, Moss & Dunn, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., and Diann Wilder–Tomlinson, County Atty., for appellee.

Considered by SACKETT, P.J., and HABHAB and HUITINK, JJ.

HUITINK, Judge.

On May 4, 1993, Lisa Harris was charged with one count of attempted murder, in viola-tion of Iowa Code section 707.11 (1991), and two counts of solicitation to commit a felony, in violation of section 705.1.

Lisa lived in Marshalltown with her husband, Ronald Harris, and her daughter from a previous relationship. In April 1993 Lisa contacted Daryl Fosness and asked him if he knew anyone who would kill someone for her. She stated she wished to hire a person to kill her husband, Ronald Harris, and his friend, Michael Stanley. Fosness told her he would get back to her. Fosness contacted the Marshalltown police department and advised them of his conversation with Lisa.

The police department decided to have Detective Ronald Ohrt pose as a hitman. Ohrt telephoned Lisa on April 24, 1993, and they agreed to meet later that day. Ohrt met with Lisa in a parking lot. She agreed to give him $500 within a few days and her pickup truck after the murders were committed. On April 26, 1993, Ohrt and Lisa met again. Lisa told Ohrt she could only raise $232, which she gave him. She told him she did not have enough money to have Stanley killed, but still wanted to have her husband killed. She agreed to give Ohrt her stereo after the murder was committed. Lisa was then arrested.

Lisa and the State entered into a plea agreement in which Lisa agreed to plead guilty to the two solicitation charges. In exchange, the State agreed to dismiss the charge of attempted murder. In addition, the State agreed to recommend that Lisa be given a suspended sentence and that she be placed on probation.

The presentence investigation noted that this was Lisa's first serious arrest and recommended that she receive a suspended sentence and be placed on probation. At the sentencing hearing, Lisa presented evidence to show she had been physically and mentally abused by her husband. A psychologist testified Lisa suffered posttraumatic stress syndrome due to Ronald's threats to her and her daughter. The psychologist recommended Lisa receive counseling.

The district court sentenced Lisa to a term of imprisonment not to exceed five years on each count of solicitation. These sentences

are to be served concurrently. The court expressed concern about Lisa's willingness to have Stanley murdered, although he was not directly involved in the abusive situation. The court also noted the crimes took place over a period of time, which gave Lisa the ability to engage in a thoughtful process of deciding whether or not she wanted to proceed with the crimes. The court further noted Lisa was charged with very serious offenses. The court stated that, based on these factors, probation was not warranted in this case. Lisa appealed.

■ A sentence will be disturbed by a reviewing court only upon a showing that the trial court abused its discretion. *State v. Dicks*, 473 N.W.2d 210, 215 (Iowa App.1991). No abuse of discretion will be found unless the defendant shows such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* Defendant has the burden of showing an abuse of discretion. *State v. LeGrand*, 501 N.W.2d 59, 64 (Iowa App. 1993).

■ Under section 901.5, when considering authorized sentencing options, a court should consider:

which of them or which combination of them, in the discretion of the court, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.

In addition, when determining a proper sentence, a court should consider the nature of the offense, the attending circumstances, and the defendant's age, character, and propensities or chances for reform. *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991).

Lisa contends the district court abused its discretion in sentencing her to a term of imprisonment. She believes the court relied only on the nature of the offense when sentencing her, which is impermissible under *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982). She believes that if all factors are taken into consideration, including the physical and mental abuse she suffered from Ronald, she should be granted probation.

■ We agree the nature of the offense alone cannot be determinative of a discretionary sentence. *Id.* In the present case, however, the district court did take other factors into consideration. The court considered the presentence investigation. The court considered the fact Lisa had been abused by Ronald. The court also specifically noted Lisa's needs for psychological assistance and counseling and found that treatment and counseling was available to her through the department of corrections.

The court based its decision not only on the nature of the crime, but also on the fact that the crime was the result of reflection. The court found a lack of mitigating circumstances in this case due to the fact Lisa persisted for a period of time in her plan to have her husband murdered. The court also considered the fact that Lisa attempted to have Stanley killed, and the fact that this was not her first experience with the criminal justice system.

We find no abuse of discretion in the sentence imposed by the district court in this case. We affirm the district court. Costs of this appeal are assessed to Lisa Harris.

**AFFIRMED.**