# IN THE COURT OF APPEALS OF IOWA

No. 16-0700
Filed November 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRIAN NATHANIEL SMITH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.

        Defendant appeals his sentence for willful injury causing bodily injury and assault. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Brian Smith was convicted of two counts of willful injury causing bodily injury and one count of assault, in violation of Iowa Code sections 708.1, 708.2(2), and 708.4(2) (2015). He was sentenced to two indeterminate terms of incarceration not to exceed five years for the willful injury convictions and thirty days in jail for the assault conviction, with all sentences to run concurrent with each other.

On appeal, Smith argues the district court abused its discretion in not granting his request for suspended sentences. "Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Where the defendant does not assert the "sentence is outside statutory limits, the sentence will be set aside only for an abuse of discretion." *Id.* "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* The defendant bears a heavy burden in establishing the district court abused its sentencing discretion. *See State v. Harris*, 528 N.W.2d 133, 135 (Iowa Ct. App. 1994).

Other than mere disagreement with the sentencing court's decision, Smith does not identify the alleged abuse of discretion. We find none. The district court recognized it had the discretion to select among several sentencing options, considered only relevant factors in imposing sentencing—in particular, the defendant's extensive criminal history—and did not consider any impermissible factors in imposing sentence. We thus affirm Smith's sentences. *See, e.g., State v. Childs*, No. 14-1950, 2016 WL 1130283, at *1 (Iowa Ct. App.

Mar. 23, 2016) (affirming challenge to sentence where defendant merely disagreed with the sentence); *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016) (stating "mere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion").

**AFFIRMED.**