# IN THE COURT OF APPEALS OF IOWA

No. 17-0239
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MELISSA SUE FRANCK,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Casey D. Jones, District Associate Judge.

Melissa Franck appeals her sentence following her guilty plea to false reports and harassment, claiming her trial counsel was ineffective and the sentencing court abused its discretion.  **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Melissa Franck appeals her sentence following her guilty plea to false reports and harassment. She claims her trial counsel was ineffective and the sentencing court abused its discretion. Upon our review, her ineffective-assistance-of-counsel claims fail for lack of proving the requisite prejudice. We also find no abuse of discretion by the sentencing court. We therefore affirm.

Franck called the Cedar Rapids Police Department and reported that her boyfriend's ex-girlfriend was intoxicated at home and a danger to a child in the home. Police were dispatched to the woman's home and found Franck's report to be unfounded. By trial information, the State charged Franck with false reports to public safety entities, in violation of Iowa Code section 718.6(1) (2016), a serious misdemeanor, and third-degree harassment, in violation of sections 708.7(1)(a)(4) and .7(4), a simple misdemeanor.

Franck eventually filed a waiver of rights and plea of guilty to the charges. The written plea waived reporting of the proceedings. Franck and her attorney appeared before the district court at the plea hearing. The court accepted Franck's guilty plea and scheduled a sentencing hearing for a later date. The plea hearing was not reported.

Franck appeared with her attorney at the sentencing hearing. The court asked whether either party wished to have the hearing reported. Neither did. The court heard arguments from the parties. The prosecutor recommended ninety days in jail, with all but seven suspended, and one year of unsupervised probation. Franck requested less jail time. The court adjudged Franck guilty of the crimes charged and sentenced her to 365 days in jail on the false reports

charge, with 275 days suspended. She was sentenced to thirty days on the harassment charge, to run concurrently with her false reports sentence. Again, like the plea hearing, the sentencing hearing was not reported.

Franck appealed. To create a record for appeal, Franck filed a statement of proceedings pursuant to Iowa Rule of Appellate Procedure 6.806.[1] The court also filed a responsive rule 6.806 statement. The rule provides a mechanism to create a record of *a hearing or trial* for which a transcript is not available. *See* Iowa R. App. P. 6.806. The rule is not a tool to admit evidence into the record that was not previously a part of the record before the district court, nor is it intended to cover events occurring outside a hearing or trial. *See id.* Franck's statement of proceedings goes way beyond what occurred at the sentencing hearing. In deciding this appeal, we do not consider those portions of Franck's rule 6.806 statement that are outside of what could have been transcribed at the sentencing hearing.

Franck asserts her trial counsel was ineffective in several respects. We review ineffective-assistance-of-counsel claims de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). In order to prove a claim of ineffective assistance, a defendant must prove trial counsel failed to perform a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Unless the defendant proves both prongs, the ineffective-assistance claim fails. *See Clay*, 824 N.W.2d at 495. We ordinarily preserve such claims for postconviction-relief proceedings but will resolve them on direct appeal when the record is adequate.

---

[1] Iowa Rule of Appellate Procedure 6.806(1) allows a party to file a statement of proceedings "to create a record of a hearing or trial for which a transcript is unavailable if a party deems it necessary to complete the record on appeal."

*See id.* at 494. In the context of a guilty plea, a defendant shows prejudice by proving that, but for counsel's breach, there is a reasonable probability the defendant "would not have pled guilty and would have insisted on going to trial." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

Franck asserts "a plea agreement purportedly had been offered by the State in which Franck would have been sentenced to a term of incarceration of 90 days with all but 7 of those days suspended with 1 year of unsupervised probation." She maintains her trial counsel never conveyed this offer to her. Franck asserts her trial counsel failed to "fully disclose plea negotiations with the State and to discuss the potential ramifications with Franck should they not successfully argue for a lesser sentence." Franck claims her counsel failed "to fully inform Franck that the Court has the authority to sentence Franck to the maximum sentences allowed by law." The record properly before us is devoid of any factual basis for these claims.[2] Franck also complains her attorney failed to insist "that the sentencing hearing be reported so that a full and fair recitation of the proceedings would be saved for purposes of appeal should they be unsuccessful in their arguments at the time of sentencing."

Ordinarily we would preserve these claims for possible postconviction-relief proceedings to develop a proper record and also give trial counsel an opportunity to defend himself. But we can decide the matter on the prejudice

---

[2] We do note the written plea of guilty specifically states, "the court has the power to impose a maximum sentence." It also states "no one has made promises or threats to me to influence me or force me to plead guilty. Moreover, no one has predicted to me or assured me what sentence I will receive." It also states there is "no agreement" with the attorney for the State. We also point out the written plea states, "I understand the Court is not a party to this agreement and that this agreement does not bind the Court in any manner." Finally, the written plea sets out the maximum and minimum sentences applicable to each charged crime. The form was signed by Franck.

prong. Though Franck argues her trial counsel breached an essential duty, she makes no claim that, but for her counsel's alleged errors, she would have insisted on going to trial rather than plead guilty. Instead, she affirmatively states had her attorney "performed differently, [she] would have accepted the plea agreement and been sentenced to a much less harsh sentence than ultimately she received." Franck has failed to show prejudice, and with that failure, so go her ineffective-assistance-of counsel claims.

Franck also contends the district court "abused its discretion by failing to report the sentencing proceedings and to fully assert its distinct reasons for sentencing Franck to a more severe sentence than that being requested by the State at the time of sentencing." "Errors in sentencing, including contentions the trial court failed to articulate adequate reasons for a particular sentence, 'may be challenged on direct appeal even in the absence of an objection in the district court.'" *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citation omitted).

"Sentencing decisions of the district court are cloaked with a strong presumption in their favor." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Where the defendant does not assert the "sentence is outside statutory limits, the sentence will be set aside only for an abuse of discretion." *Id.* "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* The defendant bears a heavy burden in establishing the district court abused its sentencing discretion. *See State v. Harris*, 528 N.W.2d 133, 135 (Iowa Ct. App. 1994).

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the court to "state on the record its reason for selecting the particular sentence." *See also State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). This procedure "ensures defendants are well aware of the consequences of their criminal actions" and "affords our appellate courts the opportunity to review the discretion of the sentencing court." *Id.* (citation omitted). If the court's reasons for its sentencing decision "are obvious in light of the statement and the record before the court," a "terse and succinct statement" may be sufficient. *Thacker*, 862 N.W.2d at 408. If the defendant waives the reporting of the sentencing hearing, the court must include in the written order the reasons for the sentence. *See State v. Thompson*, 856 N.W.2d 915, 920-21 (Iowa 2014). "[B]oilerplate language, standing alone, is insufficient to satisfy Iowa Rule of Criminal Procedure 2.23(3)(d)." *Thacker*, 862 N.W.2d at 410.

Franck does not argue a verbatim record cannot be waived by a defendant in a serious or simple misdemeanor case. Indeed, a defendant may waive the verbatim record requirement set forth in rule 2.8(3).[3] *See, e.g.*, *State v. Meeks*, No. 16-1611, 2017 WL 3065161, at *1 (Iowa Ct. App. July 19, 2017); *State v. Mann*, No. 15-0696, 2016 WL 3269705, at *2, n.3 (Iowa Ct. App. June 15, 2016); *State v. Ross*, No. 13-0686, 2014 WL 3928878, at *2 (Iowa Ct. App. Aug. 13, 2014); *State v. Ware*, No. 13-0465, 2014 WL 1245330, at *3 (Iowa Ct. App. Mar. 26, 2014); *State v. Carr*, No. 12-2164, 2014 WL 667686, at *1 (Iowa Ct. App. Feb. 19, 2014). When a defendant presents the court with a written

---

[3] Rule 2.8(3) provides, "A verbatim record of the proceedings at which the defendant enters a plea shall be made."

guilty plea expressly waiving the verbatim record, the court's acceptance of that plea constitutes acceptance of the waiver. *See Ross*, 2014 WL 3928878, at *2. Neither the plea hearing nor the sentencing hearing is reported if the verbatim record is waived. *See Ware*, 2014 WL 1245330, at *1, *3 ("I waive my right to have a verbatim record of these proceedings" on the signed guilty plea waived a verbatim record of the plea and sentencing proceedings); *Carr*, 2014 WL 667686, at *1 (stating neither the plea hearing nor the sentencing hearing were reported because the defendant waived his right to a verbatim record in writing). The waiver-of-rights and plea-of-guilty form Franck signed specifically states: "I consent and agree that if I am present with my attorney, the Court may accept my plea of guilty and/or impose sentence without a formal record being made of the proceedings by a certified court reporter." Franck expressly waived her right to a verbatim record of her sentencing hearing. Nevertheless, she suggests the sentencing court should have sua sponte halted the proceedings and ensured the matter was reported. We disagree.

In giving its reasons for the sentence it imposed, the court stated in its judgment and sentence:

> The reasons for this sentence include information provided to the court at sentencing and as set out in the court file herein, including the Defendant's age, family circumstances, education, prior criminal record, the facts and circumstance of this offense, and the belief that this sentence will provide the greatest benefit to the Defendant and the community. The court has also considered recommendations by counsel, including the State, matters set out in the victim impact statement filed and/or stated of record and, based on her demeanor in court, the Defendant's failure to accept responsibility. The court also notes the repeated and ongoing nature of the offense.

Furthermore, in its order responding to Franck's 6.806 statement, the court elaborated:

> [T]the court agrees it inquired of the parties whether either requested that the Sentencing be reported and did not inform them that a more severe sentence was contemplated. The court states, however, it did not contemplate a sentence more severe than the original plea agreement at the outset of the sentencing hearing, as it was unaware of the facts of the case. The sentence imposed only came after information was presented at hearing, including the Defendant's statements. The court had formed no opinion as to what the sentence would be prior to the hearing. If the court had contemplated a more severe sentence, it would have insisted on the matter being reported.
>
> . . . [W]hile the court did hear or read a victim impact statement, the court only considered facts contained, and therefore admitted by the Defendant, in the minutes of testimony. The court did not consider any uncharged conduct in fashioning the ultimate sentence.

We find these statements by the court sufficient to satisfy Iowa Rule of Criminal Procedure 2.23(3)(d). The court articulated adequate reasons for the particular sentence it imposed. Thus, we find no procedural defect in Franck's sentencing, nor do we find an abuse of discretion on the part of the district court in the sentencing procedure or in the sentence the court imposed. Consequently, we affirm the judgment and sentence entered by the district court.

**AFFIRMED.**