# IN THE COURT OF APPEALS OF IOWA

No. 18-1739
Filed June 19, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BOB KENT KNIPFEL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, Paul B. Ahlers, District Associate Judge.

Bob Knipfel appeals his sentence for operating while intoxicated, second offense. **AFFIRMED.**

Chad R. Frese of Kaplan & Frese, LLP, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**MAY, Judge.**

Bob Knipfel pled guilty to operating while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2 (2018). By agreement, the parties recommended a sentence of 365 days in jail, with all but ten days suspended, and probation. The presentence investigation report (PSI) also recommended a suspended jail term and probation. The district court sentenced Knipfel to a term of incarceration not to exceed two years. On appeal, Knipfel argues this sentence constitutes an abuse of discretion. We disagree.

It is undisputed that Knipfel's sentence fell within the statutory limits. *See* Iowa Code § 321J.2(4)(a). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Knipfel "has the burden of showing an abuse of discretion." *State v. Harris*, 528 N.W.2d 133, 135 (Iowa Ct. App. 1994).

Knipfel does not allege the district court considered impermissible factors at sentencing. Rather, he disagrees with the manner in which the court weighed permissible sentencing factors and questions the court's motivation at sentencing. He contends the court should have fashioned a sentence tailored to provide for his rehabilitation rather than a punitive sentence prioritizing community safety. Yet Iowa Code section 901.5 requires sentencing courts to consider what sentence "will provide maximum opportunity

for the rehabilitation of the defendant, and for the *protection of the community from further offenses by the defendant and others*." (Emphasis added). In explaining its reasons for the sentence imposed, the court noted that the present conviction is Knipfel's third OWI conviction. The court observed that the punishments for Knipfel's prior OWIs—jail time and, in one instance, probation—had not created a sufficient deterrent. Despite those prior sentences, Knipfel continued to endanger his community by operating a vehicle while intoxicated. The court hoped the imposition of a more severe sentence would prove a more effective deterrent for Knipfel moving forward. We find nothing improper in these efforts to protect the community by reforming Knipfel's pattern of behavior. *See* Iowa Code § 901.5.

Nor do we find the court abused its discretion by placing greater significance on certain sentencing factors than others. *Cf. Formaro*, 638 N.W.2d at 725 (noting sentencing factors include "nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform"). The exercise of sentencing discretion requires each sentencing judge to "act within legal parameters according to the dictates of a judge's own conscience, uncontrolled by the judgment of others." *Id.*

Likewise, the court did not abuse its discretion by declining to adopt the recommendation contained in the PSI. *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019) ("Moreover, we have previously held any sentencing recommendations contained in the PSI are not binding on the court."). Nor did the court abuse its discretion by imposing a sentence that differed from the parties' recommendation. In his written guilty plea, Knipfel acknowledged his understanding that the court "may reject any plea

agreement and sentence [him] up to the maximum provided by law," namely, "imprisonment for not more than 2 years." *See, e.g.*, *State v. Worby*, No. 17-1832, 2018 WL 4360995, at *1 (Iowa Ct. App. Sept. 12, 2018) (finding court did not abuse its discretion when it considered relevant sentencing factors and imposed a different sentence than requested by the defendant); *State v. Smith*, No. 16-0700, 2016 WL 6902854, at *1 (Iowa Ct. App. Nov. 23, 2016) (finding court did not abuse its discretion when the defendant merely disagreed with the imposed sentence); *State v. Childs*, No. 14-1950, 2016 WL 1130283, at *1 (Iowa Ct. App. Mar. 23, 2016) (same).

The court's careful consideration of pertinent sentencing factors shows that the court thoughtfully and properly exercised its discretion in choosing an appropriate sentence. We decline to "second guess" that choice. *Formaro*, 638 N.W.2d. at 725.

**AFFIRMED.**