# IN THE COURT OF APPEALS OF IOWA

No. 20-0645
Filed January 21, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DORIAN PARKINSON, II,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady, Judge.

Dorian Parkinson II appeals his sentence for assault causing bodily injury.

**AFFIRMED.**

Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

Dorian Parkinson II pled guilty[1] to assault causing bodily injury, domestic abuse (strangulation), in violation of Iowa Code section 708.2A(1), (5) (2018).[2] By agreement, the parties recommended a deferred judgment with five years of supervised probation. The presentence investigation report recommended five years in prison. The district court sentenced Parkinson to a term of incarceration not to exceed five years. On appeal, Parkinson argues this sentence constitutes an abuse of discretion. We disagree.

It is undisputed that Parkinson's sentence fell within the statutory limits. *See* Iowa Code §§ 708.2A(5), 902.9(1)(e). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

---

[1] Iowa Code section 814.6 (2019) was recently amended to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140 § 28 (codified at Iowa Code § 814.6(1)(a)(3) (Supp. 2019)). But Parkinson argues he has "good cause" to appeal because he only challenges his sentence not the plea itself. *See* Iowa Code § 814.6(1)(a)(3). We agree. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

[2] Parkinson also pled guilty to assault causing bodily injury, domestic, in violation of Iowa Code sections 236.2, 708.1, and 708.2A(2)(b), and interference with official acts, in violation of Iowa Code section 719.1(1)(a), (b). He does not appeal these sentences. So we need not mention them further.

Parkinson "has the burden of showing an abuse of discretion." *State v. Harris*, 528 N.W.2d 133, 135 (Iowa Ct. App. 1994).

Parkinson claims the district court abused its discretion by (1) improperly concluding he "absconded" to Florida and (2) speculating about the harm that could have resulted from Parkinson's actions. We address each claim in turn.

First, Parkinson claims the district court abused its discretion by concluding he "absconded" to Florida. But the record shows Parkinson was on pretrial release when he went to Florida, he did not get permission from his parole officer to go to Florida, and he did not even fill out the paperwork required for such a trip. Plus the record does not suggest Parkinson returned to Iowa on his own. Instead, the record shows Parkinson was arrested in Florida and extradited to Iowa. So we think the record supported the sentencing court's belief that Parkinson absconded. *See State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (noting the issue in improper-consideration challenges "is simply one of the sufficiency of the record to establish the matters relied on" (quoting *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000))); *Abscond*, *Black's Law Dictionary* (11th ed. 2019) (defining absconding as "depart[ing] secretly or suddenly, esp[ecially] to avoid arrest, prosecution, or service of process"). And it was a proper factor for the judge to consider. *See State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006).

Next, Parkinson claims the district court erred by making the following statement at sentencing: "In this circumstance, I've seen—well, in these kind of circumstances, I've seen situations where people, without intentionally doing it, end up doing a great deal of harm to the recipient of the domestic abuse and occasionally kill them. And your situation could have ended up that way." Before

making this statement, the court noted that there was "a fair amount more violence used [here] than in a typical domestic abuse situation" and Parkinson "[c]learly" has an "alcohol problem."

District courts should "[w]eigh and consider all pertinent matters in determining [a] proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of [their] reform." *Id.* (first alteration in original) (citation omitted). Here, the district court properly considered Parkinson's history of alcohol-related offenses, his "assaultive behavior," and the risk of harm he presented to the community, including the victim. *See* Iowa Code § 901.5; *State v. Maxfield*, No. 17-1185, 2018 WL 5292089, at *2 (Iowa Ct. App. Oct. 24, 2018) (affirming a sentence where the district court stated part of the reasoning as "the danger involved" and "the nature of the crime"); *State v. Hunter*, No. 01-1919, 2002 WL 31757491, at *3 (Iowa Ct. App. Dec. 11, 2002) (concluding the "potential impacts of sexual abuse on a victim" may be considered at sentencing where the district court "tie[s] these possible effects to some of the specific facts and circumstances of this case.").

Parkinson has not demonstrated an abuse of discretion by the sentencing court. So we affirm.

**AFFIRMED.**