# IN THE COURT OF APPEALS OF IOWA

No. 21-1303
Filed July 20, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TIMOTHY EUGENE OVEL,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Butler County, Chris Foy, Judge.

A defendant appeals his sentence. **AFFIRMED**.

Daniel M. Northfield, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by May, P.J., and Greer and Chicchelly, JJ.,

**MAY, Presiding Judge.**

Timothy Ovel appeals his prison sentence. He argues the sentencing judge should have recused himself. He also claims the district court abused its sentencing discretion. We affirm.

## I. Background Facts & Proceedings

Ovel was charged with several crimes, including intimidation with a dangerous weapon, all stemming from an episode of domestic violence. Ovel drove to his ex-wife Sheri's house to retrieve his daughter's cell phone. An argument between Ovel and his daughter ensued. Sheri also became involved. At some point, Sheri closed her front door to separate herself from Ovel. Ovel tried to force his way into the house. When that didn't work, Ovel retrieved his handgun. And then he fired seven rounds at Sheri's front door. No one was physically harmed by the gunshots. Unsurprisingly, though, Ovel was arrested.

Ultimately, Ovel pled guilty to five charges: threatened intimidation with intent to injure or provoke, a class "C" felony; going armed with intent, a class "D" felony; and three aggravated misdemeanors—child endangerment, domestic abuse assault with a dangerous weapon, and reckless use of a firearm. Before sentencing, Ovel moved for the judge to recuse himself. Ovel's motion noted that the sentencing judge had previously ruled in a child-support-modification petition involving Ovel. In that ruling, the judge discounted Ovel's testimony "due to [Ovel's] deceitfulness and lack of candor during" a previous custody trial. Given these statements, Ovel argued, the judge "cannot be impartial in presiding over" Ovel's sentencing. The State resisted. After hearing argument, the court denied Ovel's motion to recuse.

The district court sentenced Ovel to concurrent indeterminate prison sentences for each of his five charges. Ovel now appeals. He claims (1) the sentencing judge should have recused and (2) the sentence imposed was overly harsh. Our review is for an abuse of discretion. *See State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (reviewing a sentence within the statutory limits); *State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005) (reviewing a judge's recusal decision). Ovel bears the "burden of showing an abuse of discretion." *State v. Harris*, 528 N.W.2d 133, 135 (Iowa Ct. App. 1994).

Ovel first argues the sentencing judge should have recused himself because his previous rulings against Ovel indicated bias or prejudice.[1] We find no abuse of discretion in the court's refusal. Crucially, Ovel fails to show the sentencing judge's alleged bias came from *extrajudicial* sources, that is, a source other than the judge's execution of his judicial duties. *See State v. Smith*, 282 N.W.2d 138, 142 (Iowa 1979) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." (citation omitted)). Moreover, Ovel failed to show actual prejudice. While Ovel

---

[1] The State contests whether Ovel has shown "good cause" to raise the recusal issue on appeal. Iowa Code § 814.6(1)(a)(3) (2020). But the State correctly concedes that "good cause" generally exists for sentencing challenges. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). And we think Ovel's claim that the sentencing judge should have recused himself is—essentially—a sentencing challenge. So we conclude it is appropriate for us to address the recusal issue along with Ovel's other challenges to his sentence. *See State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022) ("We decline to parse or bifurcate the specific sentencing errors alleged when determining good cause.").

claims the judge "could have penalized" Ovel for his behavior in unrelated litigation, Ovel produced no evidence of *actual* prejudice. *See Millsap*, 704 N.W.2d at 432 ("In addition, 'actual prejudice must be shown before a recusal is necessary.'" (citation omitted)). Indeed, to his credit, the sentencing judge took pains to emphasize steps he would take to minimize the risk of prejudice. All things considered, we cannot say Ovel carried his "burden of showing an abuse of discretion." *See Harris*, 528 N.W.2d at 135.

Next, Ovel argues his sentence was "overly harsh." Ovel points to his relatively clean criminal history, positive relations with his current wife, and steps Ovel has taken to improve his own mental health. Moreover, Ovel argues that he poses relatively little safety risk to the community because he did not intend to injure anyone. So Ovel suggests that "probation would have been the best result."

Yet "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). And Ovel does not explain how the imposed sentence is unreasonable, or based on untenable grounds—only that a less restrictive sentence was available. This is not nearly enough to show the district court abused its discretion by imposing concurrent incarceration terms after Ovel fired seven rounds into the front door of an occupied home.

Because Ovel has not shown an abuse of discretion, we affirm.

**AFFIRMED.**