# IN THE COURT OF APPEALS OF IOWA

No. 21-0086
Filed August 3, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVID M. COX,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

David Cox appeals his sentence for forgery and theft. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich (until withdrawal), Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke and Katie Krickbaum (until withdrawal), Assistant Attorneys General, for appellee.

Considered by May, P.J., Badding, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**MAY, Presiding Judge.**

David Cox pled guilty to a forgery charge and a theft charge.  On appeal, he argues the district court abused its sentencing discretion, his plea agreement was breached, and the court erred in ordering restitution.  We affirm.

**I. Background Facts & Procedural History**

In late 2019, Cox wrote some checks to himself.  They were not his checks, and he did not have authorization to sign them.  The State charged Cox with two counts of forgery and one count of theft.  *See* Iowa Code §§ 714.1(6), .2(4), 715A.2(2)(a)(3) (2019).

Cox worked out a plea agreement with the State.  In exchange for Cox's plea of guilty to the theft charge and one of the forgery charges, the State agreed to dismiss the second forgery charge.  The parties agreed to a jail sentence of thirty days for the theft charge, but they made no agreement for the remaining forgery charge.  The plea agreement also provided that an appeal by Cox would constitute a breach of the agreement.

Cox also executed a written "waiver of rights and guilty plea."  It incorporated by reference the parties' plea agreement.  It also included many other provisions.  Relevant here, Cox agreed to waive his rights to "preparation"[1] of a PSI and requested immediate sentencing.

During a combined plea and sentencing hearing, the district court accepted the plea agreement and the written guilty plea.  The court noted it had reviewed

---

[1] Cox's waiver included language advising that preparation of a presentence investigation report (PSI) cannot be waived in this case.  Nevertheless, his waiver states: "I waive the preparation of a PSI Report for sentencing."

the PSI. The court also gave the parties opportunities to comment on the PSI. An extensive discussion followed. Among other things, Cox noted that he had "waived the right for the preparation of a PSI." The court explained the PSI had to be prepared "no matter what under Iowa law, even if you waive it." Neither party objected to the court's *use* of the PSI for sentencing.

Ultimately, the court sentenced Cox to five years for the forgery charge and thirty days for the theft charge. The court also determined Cox had a partial ability to pay category "B" restitution, *see* Iowa Code § 910.2A (2020), and ordered Cox to repay $300 in installments.

After sentencing—but before Cox's trial counsel withdrew—Cox mailed a letter to the district court. Among other things, Cox's letter stated that he "would like to request an appeal." The district court filed a responsive order. In it, the court deemed Cox's letter a pro se notice of appeal. Then Cox's trial counsel withdrew, and the court appointed the State Appellate Defender.

The parties proceeded with appellate briefing. Soon after briefing was complete, the supreme court entered an order questioning whether Cox's pro se notice of appeal had been effective. *See* Iowa Code § 814.6A(1) (2021) ("A defendant who is currently represented by counsel shall not file any pro se document, including a brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings.").[2] The order requested supplemental briefing "to address whether the

---

[2] In 2022, the legislature enacted—and the governor approved—amendments to section 814.6A. It now expressly permits represented defendants to file "pro se notice of appeal." *See* 2022 Iowa Acts ch. 1110, § 1(b). But no one argues this amendment could apply to the case before us. *See* Iowa Code § 4.5 ("A statute is

court has jurisdiction over this appeal."  Days later, the State Appellate Defender filed a notice of appeal on Cox's behalf.  Then, consistent with the supreme court's order, both parties filed supplemental briefs.  The case was then transferred to our court.

## II. Discussion

### A. Jurisdiction

Before addressing the substance of Cox's arguments, we must grapple with two jurisdictional issues.  *See State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022) ("Once a jurisdictional question has been raised, the court must examine the grounds for the assertion of its appellate jurisdiction before proceeding further.").  First, we must determine whether Cox has shown "good cause" for this appeal within the meaning of Iowa Code section 814.6(1)(a)(3).  Second, we must decide if Cox's pro se notice of appeal was legally effective or, in the alternative, if a delayed appeal is appropriate.  We address the issues in turn.

#### 1. Good Cause

"Iowa Code section 814.6(1)(a)(3) provides a defendant may appeal as a matter of right from a conviction entered upon a guilty plea only when the conviction is for a class 'A' felony or the defendant establishes good cause."  *State v. Boldon*, 954 N.W.2d 62, 68 (Iowa 2021).  Because Cox pled guilty but his case does not involve a class "A" felony, Cox must establish good cause to appeal as a matter of right.

---

presumed to be prospective in its operation unless expressly made retrospective.").

Generally speaking, our supreme court has found good cause exists when a "defendant challenges his sentencing hearing or the sentence itself." *Davis*, 969 N.W.2d at 785 (collecting cases). Here, Cox challenges his sentence based on "the court's failure to weigh all pertinent matters prior to sentencing, the use of an improper sentencing consideration, the State's breach of the plea agreement and error in assessing restitution." The State properly concedes these arguments "are of the type for which defendants generally have good cause to appeal."

Even so, the State suggests we should find good cause does not exist because Cox "signed an appeal waiver." Specifically, the State relies on this provision in Cox's plea agreement:

> It shall constitute a breach of this plea agreement by the [d]efendant for the [d]efendant to (1) appeal the plea taking or the sentencing, (2) ask for a reconsideration of the sentence if the plea agreement provides for a specific sentence, or (3) file an action for postconviction relief or habeas corpus concerning this case.

We struggle to see how this language *waived* Cox's right to appeal. Certainly, this language suggests that taking an appeal would breach Cox's plea deal with the State. But nothing in this language suggests Cox gave up his legal *right* to appeal. In any event, we cannot say this language shows a "voluntary, knowing and intelligent" waiver of the right to appeal, as our case law requires. *State v. Loye*, 670 N.W.2d 141, 149 (Iowa 2003).

So we cannot embrace the State's good cause argument. Rather, following our supreme court's precedents, we find Cox's sentencing challenges establish good cause to appeal as a matter of right.

**2. Notice of Appeal/Delayed Appeal**

Next, we consider whether Cox properly invoked our jurisdiction. Initially, this question appeared to turn on the validity—or invalidity—of Cox's pro se notice of appeal. Although it was timely filed, Cox was represented by counsel when he filed it. And, during the times relevant to this case, Iowa Code section 814.6A(1) categorically prohibited defendants who were represented by counsel from filing "any pro se document . . . in any Iowa court.". Our cases treat these prohibited filings as legal nullities. *State v. Stark*, No. 20-1503, 2021 WL 4592246, at *3 (Iowa Ct. App. Oct. 6, 2021).

It appeared, then, that Cox's appeal should be dismissed because he failed to file a *valid* notice of appeal within thirty days of judgment. *See* Iowa Rs. App. P. 6.101(1)(b); .1202(1)(a). As the parties note, however, our supreme court's "precedents have allowed delayed appeal where a defendant has expressed a good faith intent to appeal before the appeal deadline but failed to timely perfect the appeal due to state action or circumstances beyond the defendant's control." *Davis*, 969 N.W.2d at 787. The parties agree these circumstances are met here and, therefore, a delayed appeal is appropriate.

On our review, we agree. Cox clearly expressed an intent to appeal—and made a good faith effort to do so—by writing to the district court and asking to appeal. Even so, Cox "failed to timely perfect the appeal due to . . . circumstances beyond the defendant's control," namely, his counsel's failure to timely file a valid notice of appeal. *See id.* Given these circumstances, and our supreme court's precedents, a delayed appeal is appropriate. So we proceed to the merits.

**B. Sentencing**

As noted, Cox's appeal focuses on sentencing. "We review the district court's sentence for an abuse of discretion." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (citation omitted). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* When, as here, the sentence "falls within the statutory parameters, we presume it is valid." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015).

Following our review of the record and briefing, we do not conclude Cox has carried his "burden of showing an abuse of discretion." *State v. Harris*, 528 N.W.2d 133, 135 (Iowa Ct. App. 1994). First, we reject Cox's contention that the district court "failed to consider which sentencing option would provide maximum opportunity for Cox['s] rehabilitation and reentry into the community." Indeed, the district court expressly considered the rehabilitative potential of Cox's sentence, including his likely pathway back to the community.

Second, we reject Cox's complaint that the district court failed to consider his diagnosis of bipolar disorder. The diagnosis was in the PSI, which the district court expressly considered. Plus a district court is not "required to specifically acknowledge each claim of mitigation urged by a defendant," and "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Third, we reject Cox's suggestion that the district court failed to adequately explain its choice of incarceration over probation. While it is true that the district court must "state on the record its reason for selecting the particular sentence,"

*see* Iowa R. Crim. P. 2.23(3)(d), the statement of "reasons need not be detailed," although "at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). "The district court can satisfy this requirement by orally stating the reasons on the record or placing the reasons in the written sentencing order." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014).

Here the court explained on the record that it had "considered all sentencing options." "I believe," the court added, "that I'm able to sentence the defendant in a manner that will provide the maximum opportunity for his rehabilitation and provide protection to the community and deter others." Then the court explained that it was imposing concurrent incarceration terms "[b]ecause of [Cox's] criminal history and . . . a lack of structure at the time of the offenses." And in its written order, the court offered more reasons, including the potential for rehabilitation, the nature of the offenses, and the plea agreement. Taken together, these statements clearly satisfied our law's requirements. *See State v. Grisson*, 19-0736, 2019 WL 6894390, at *2 (Iowa Ct. App. Dec. 18, 2019). We reject Cox's contrary view.

We also reject Cox's argument that the district court abused its discretion by considering Cox's PSI during sentencing. Although Cox waived his right to have a PSI considered at sentencing, that waiver could not *prohibit* the district court from considering the PSI.[3] Indeed, where, as here, there is no agreement as to the proper sentence for a felony charge, the PSI can provide an invaluable tool to the sentencing court.

---

[3] Although a defendant may waive their right to a speedy trial, they may still be speedily tried.

Along similar lines, we reject Cox's argument that the plea agreement "was breached" because the PSI was considered during sentencing. The plea *agreement* itself makes no reference to the PSI whatsoever. And we think the State had no duty to object to the PSI's use during sentencing. Instead, any objection rightly should have come from the defense.[4] *See State v. Dudley*, No. 09-1772, 2010 WL 3157757, at *3 (Iowa Ct. App. Aug. 11, 2010) (holding defense counsel bears the duty to object to use of the PSI if failure to do so would result in a sentencing error). Also, we reemphasize that a defendant's *waiver* of rights concerning the PSI cannot bar the district court from considering the PSI. So there were no meritorious grounds for an objection to the district court's consideration of the PSI.

Finally, we note Cox's argument that the district court erred by finding Cox had a reasonable ability to pay category "B" restitution.[5] Cox appears to argue that the district court's determination was so cursory that the finding is constitutionally invalid. We disagree. Iowa law presumes a court properly exercises its discretion in making reasonable ability to pay determinations, and a court need not state its rationale for its findings. Iowa Code § 910.2A(5). Moreover, the court *did* consider Cox's ability to pay, which would depend on his ability to earn money while incarcerated and afterwards. All in all, we think the district court acted within its discretion in ordering restitution.

---

[4] We note, of course, the rule that "an allegation the prosecutor breached the plea agreement at the time of sentencing is a species of sentencing error to which the traditional rules of error preservation are inapplicable." *Boldon*, 954 N.W.2d at 70. Yet even absent an objection from Cox, we find no breach in the record before us.
[5] In this case, category "B" restitution means court costs and "court-appointed attorney fees." Iowa Code § 910.1(2).

**III. Conclusion**

Because Cox has shown no grounds for reversal, we affirm.

**AFFIRMED.**