# IN THE COURT OF APPEALS OF IOWA

No. 24-0307
Filed January 9, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DALTON BRADLEY SCHMITT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

A defendant appeals the sentence imposed by the district court following the defendant's guilty pleas to eluding and driving while barred. **AFFIRMED.**

Chad R. Frese of Kaplan & Frese, LLP, Marshalltown, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

The district court sentenced Dalton Schmitt to prison with concurrent sentences for eluding (a class "D" felony) and driving while barred (an aggravated misdemeanor) after Schmitt pleaded guilty to those offenses. Schmitt appeals. He contends the district court abused its discretion by sentencing him to prison rather than suspending the sentences and placing him on probation.

We have jurisdiction over Schmitt's appeal despite his guilty plea because he has established good cause to appeal by challenging only his sentence and not his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (2023) (limiting a defendant's right to appeal following a guilty plea to a non-class "A" felony to cases where the defendant establishes good cause); *see also State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding a defendant establishes good cause to appeal following a guilty plea when the defendant challenges the sentence rather than the plea itself). When, as here, the sentence imposed is within statutory limits, we review challenges to the sentence for abuse of discretion. *See State v. Rasmussen*, 7 N.W.3d 357, 363 (Iowa 2024). In reaching the sentencing decision, the district court is given significant latitude, and we vacate a sentence only when the sentence is based "on grounds that were clearly untenable or unreasonable." *Id.*

Schmitt contends the district court abused its discretion because it gave too much weight to the nature of the offenses, didn't place enough weight on Schmitt's acceptance of responsibility by pleading guilty, and failed to follow the presentence investigation (PSI) author's recommendation for a suspended sentence. We are not persuaded by Schmitt's contentions.

As to his claims that the district court placed too much weight on the nature of the offenses and too little weight on his acceptance of responsibility, we note that Schmitt does not contend the court considered improper factors. Rather, he contends the court improperly weighed the factors it considered. But the weight to place on relevant sentencing factors falls within the discretion of the district court. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). Schmitt has failed to meet his burden of establishing that the district court abused its discretion by weighing factors in such a way that the grounds for the sentencing decision were clearly untenable or unreasonable. *See State v. Harris*, 528 N.W.2d 133, 135 (Iowa Ct. App. 1994) ("Defendant has the burden of showing an abuse of discretion.").

As for Schmitt's claim that the district court abused its discretion by not following the PSI recommendation for probation, we note the well-established principle that the district court is not bound by the sentencing recommendation in a PSI. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). Here, the district court explained why it was not following the PSI recommendation for probation—a recommendation echoed by Schmitt's counsel—and why the court felt prison was the appropriate sentencing option. Schmitt has failed to establish any abuse of the court's discretion in making the sentencing decision. *See Harris*, 528 N.W.2d at 135.

Finding no abuse of the district court's sentencing discretion, we affirm.

**AFFIRMED.**