# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-1140
Filed June 24, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Rod Wayne Knustrom,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Lee (North) County,
The Honorable Ty Rogers, Judge.

———————————

**AFFIRMED**

———————————

Nathan A. Olson of Branstad & Olson Law Office, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Schumacher, P.J.

**SCHUMACHER, Presiding Judge.**

Rod Knustrom entered a plea of guilty to operating while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2(2)(b) (2024) and eluding, second or subsequent offense, in violation of section 321.279(1)(b), both aggravated misdemeanors. Following his guilty pleas, the district court sentenced Knustrom to serve two concurrent one-year jail terms.

Knustrom appeals. He contends the district court abused its discretion by sentencing him to a jail term rather than suspending the sentences and placing him on probation, or by failing to follow the recommendation of the presentence investigative report (PSI), which recommended placement in the OWI continuum.

We begin by noting that our court has jurisdiction over Knustrom's appeal despite his guilty plea because he has established good cause to appeal by challenging only his sentence and not his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (limiting a defendant's right to appeal following a guilty plea to a non-class "A" felony to cases where the defendant establishes good cause); *see also State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding a defendant establishes good cause to appeal following a guilty plea when the defendant challenges the sentence rather than the plea itself).

We also highlight our standard of review for sentencing challenges like the instant appeal. When, as here, the sentence imposed is within statutory limits, we review challenges to the sentence for abuse of discretion. *See State v. Rasmussen*, 7 N.W.3d 357, 363 (Iowa 2024). In reaching the sentencing decision, the district court is given significant latitude, and we vacate a sentence only when the sentence is based "on grounds that were clearly untenable or unreasonable." *Id.*

Knustrom contends the district court failed to "provide the least restrictive sentence," and the sentence imposed by the court "deprived [him] of the opportunity for services offered in the community" as well as services

in prison like the OWI continuum, which was recommended in the PSI. Knustrom also alleges the district court abused its discretion by not considering his request for long-term inpatient treatment. We are not persuaded by these arguments.

We first highlight that Knustrom does not contend the court considered improper factors. Rather, he contends the court improperly weighed the factors it considered. Knustrom urges his military service, accountability for his past actions, and his demonstrated dedication to treatment all support probation. He further notes that because he neither owns a vehicle nor currently operates a vehicle, the danger to the public is decreased.

We have closely reviewed Knustrom's challenges against the backdrop of the sentencing decision. The district court provided a detailed, thoughtful rationale for its sentencing decision, weighing the mitigating facts and the factors supporting the imposition of a jail term. As the court stated:

> The Court has had an opportunity to consider the totality of the record here today. I've carefully reviewed the PSI that was admitted into the record. Prior to actually beginning the proceedings, I carefully reviewed each of the Defendant's exhibits that were admitted here today; I've read all of those. I've also, of course, heard the testimony of the defendant, Mr. Knustrom, and his statement he's just made prior to sentencing. I've also, of course, considered the arguments of the parties and recommended sentences of the State of Iowa and of the defendant through counsel . . . .
>
> Having considered all of the sentencing provisions provided for under Iowa Code Chapters 901 and 903, the following sentence is based upon my judgment of what will provide the maximum opportunity, Mr. Knustrom, for your rehabilitation and at the same time protect the community from further offenses by yourself or others.
>
> The Court has specifically taken into consideration a number of factors required by Iowa Code that are included—include, excuse me, but are not limited to your age; your prior record of convictions; your employment circumstances, or your prior employment circumstances

3

before your disability; as well as family circumstances; and the nature of the offense committed in this case. I've also taken into consideration, as I said a moment ago, the recommendation of the State of Iowa and you through your counsel here.

There are a number of factors in this case that would warrant the Court entering a sentence in this case of either a suspended jail sentence or a light—a light jail sentence.

Those factors that are in mitigation of a significant jail sentence are the fact that you are a military veteran. I take that—I give a lot of consideration to that fact. I appreciate your service, and I thank you for your service. So that is something that I consider in mitigation.

I also do believe that you have a record of what appears to be a very good work history when you were able to work and prior to your disability. You are in a relatively good financial situation comparatively to many of the other defendants I see in my courtroom, and I suspect that's because of your many years of hard work prior to your disability is my suspicion.

You are a college graduate. You have a college degree.

I made a notation that it does appear that you have family in the area, although it sounds as though maybe you are somewhat estranged from some of your family. But you do have some family in this area.

And I also have noted that you admit your alcohol addiction; which there's many times where I see defendants who I know to be addicted to alcohol that don't have that insight to make that admission, which I think is important as, obviously, his first step to be able to overcome addiction.

I do note as well that you have recently—or more recently completed substance-abuse treatment, approximately a 90-day program that you've testified to and is referenced in the documents. The fact that you completed treatment is, of course, a good thing. However, the Court does also find that in one sense that the fact that you have numerous other—you've had numerous past opportunities to participate in and complete treatment to be factors that actually support the Court considering a jail sentence in this particular case, and I'll explain that.

The Court does believe there are factors present that certainly support the Court considering a significant jail sentence in this case. And

4

I do believe that after consideration of all the factors, the factors supporting a significant jail sentence outweigh the factors in mitigation.

First, the Court does note that you have an extreme history with regard to operating while intoxicated. There's just no getting around that fact from your history. If you include the present offense for which you're being sentenced today, you have—after today, you will have eight prior either deferred judgment or OWI convictions on your record, and they span a period of 30 or more years, as [the State] here pointed out.

We are not in a situation where a vast majority of these happened 30 years ago and then we have one recent mistake. We have several of these happening many, many years back, and we have several of these occurring in more recent years. There's simply an extensive, extreme OWI history here, and the nature of OWIs the Court considers very, very serious because they are very, very dangerous.

The Court also notes that you have had many prior opportunities at probation. Back in 1991 is when your first deferred judgment was granted. You were given unsupervised probation then.

In 2001, you were given probation again and another deferred judgment, one year probation.

In 2004, it appears you were given seven days incarceration, and the disposition does not say any of that was suspended, and I'm going to assume that it was not suspended because I believe that was an OWI, second offense. So you did not receive probation in the 2004 case.

If you move to 2017, you had another OWI conviction.

In December of 2017, you were placed on probation for eluding; that occurred contemporaneous with an OWI. So you were given probation in that case.

In February of 2023, you were given probation again for another OWI, second. You had 180-day sentence, and 130 of that was suspended, and you were placed on two years of probation. It appears in 2018 you had an OWI, first offense, that you also received a suspended sentence for. You were placed on a year of probation.

The Court notes that, I believe, most recently, . . . operating while under the influence, second offense; disposition entered on February 15th

of 2023. You were given 180-day sentence; 100 days of it was suspended. So you were given a suspended sentence with two years of unsupervised probation. You would have been on that unsupervised probation at the time of the incident offense that occurred in August of 2024.

So you have had many opportunities on probation in the past. And while you may have gotten through many of those probations without a violation, I do not consider them to be successful. The reason I don't consider them to be successful is from a rehabilitation point. You may have discharged probation, but you were not rehabilitated by that granting of probation in those instances I've referenced, because you committed OWI after OWI after OWI after each of those sessions of probation.

The Court notes that, as [defense counsel] has referenced in his argument—and perhaps we're phrasing it differently—but there are two paramount considerations for the Court during a sentencing.

The most paramount consideration is crafting a sentence that can have the greatest opportunity to successfully rehabilitate the defendant.

Secondly, and very importantly, is the goal of deterrence; not only to deter the defendant from future behavior of the same type or kind, but also to generally deter the public. And within that deterrence, the Court believes that protecting society from future criminal behavior is one of the primary reasons we're attempting to deter this behavior.

The sentences you have received up to this point have been a failure from the perspective of rehabilitation, and they have absolutely been a failure from the perspective of deterrence. These prior sentences have not deterred you from continuing to drink and continuing to drive.

Now, you've been given sentence after sentence after sentence where you've been given either a fairly light or minimal jail sentence with suspended probation time, and you continue to drink and drive subsequent to that. We have to try something different. Something different has to occur in order for us to stand a chance to actually rehabilitate you or, importantly, to deter future behavior from you and others.

Again, this would be the eighth either deferred judgment or OWI conviction on your record.

Quite simply, the Court concludes nothing short of a very significant jail sentence can rehabilitate and, importantly, deter you from future drinking and driving behavior.

The weight to place on relevant sentencing factors falls within the discretion of the district court. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard."). Knustrom has failed to meet his burden of establishing that the district court abused its discretion by weighing factors in a way that the grounds for the sentencing decision were clearly untenable or unreasonable. *See State v. Harris*, 528 N.W.2d 133, 135 (Iowa Ct. App. 1994) (noting the "[d]efendant has the burden of showing an abuse of discretion").

As for Knustrom's claim that the district court abused its discretion by not following the PSI recommendation for the OWI continuum, we note the well-established principle that the district court is not bound by the sentencing recommendation in a PSI. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). Here, the district court explained why it was not following the PSI recommendation and why the court felt a jail term was the appropriate sentencing option. Knustrom has established no abuse of the court's discretion in making the sentencing decision. *See Harris*, 528 N.W.2d at 135. Accordingly, we affirm.

**AFFIRMED.**